SIMMS, *vs.* THE STATE.

LOYD *vs.* THE STATE.

1. Errors in the defendant's favor cannot be complained of by him.
2. Grand jurors cannot be sworn to impeach their own finding.
3. To convict of the offense of keeping a faro table for the purpose of playing and betting at the same, under §4540 of the Code, it is not necessary to show that things of value were bet.

Practice in the Supreme Court. Jurors. Evidence. Criminal law. Before Judge CLARK. City Court of Atlanta. June term, 1877.

To the report contained in the decision, it is only necessary to add, that defendant offered to prove by certain of the grand jurors who found the bill of indictment, that no lawful oath was administered to the witnesses on whose evidence the finding was based. The court rejected this evidence.

L. J. GLENN & SON, for plaintiffs in error.

HOWARD VANEPPS, solicitor of the city court; J. O. WYNN, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of "keeping a gaming table." On the trial of the case before the judge of the city court of Atlanta, the defendant was found guilty, whereupon the defendant made a motion for a new trial, on the grounds therein stated, which was overruled by the court, and the defendant excepted. It appears from the record that the defendant waived a formal arraignment and pleaded "not guilty." It also appears that the defendant filed a plea in which he alleged that the oath required by law was not administered to the witness, Stapler, who was examined before the grand jury, and upon whose evidence

the bill of indictment was found. It does not appear when the plea was filed. The state's counsel demurred to it, which was overruled, and the court proceeded to hear evidence as to the truth of the facts alleged therein. As the plea does not appear to have been filed until after the defendant had pleaded not guilty, we think the court erred in not sustaining the demurrer to it for that reason; but that is not an error of which the defendant can complain.

1, 2. There was no error in refusing to allow the grand jurors to be sworn to impeach their finding of the true bill or presentment. *Turner vs. The State,* 57 *Ga. Rep.,* 107. The rule is that grand jurors cannot be sworn and examined as witnesses to impeach their finding, but may be sworn and examined in support of their finding. There was no error in the refusal of the court to allow some of the grand jurors to be sworn and examined for the purpose of contradicting and impeaching other members thereof who had been sworn in support of the finding of the entire body. The evidence being conflicting as to the oath which was administered to the witnesses before the grand jury, it was the province of the court to believe those who, in its judgment, were entitled to the most credit.

3. The defendant was charged in the indictment with having kept a faro table for the purpose of playing and betting at the same, in violation of the 4540th section of the Code. The evidence in the record is, that the witness saw several persons playing and betting at the table where the defendant was dealing faro, and that faro is a game played with cards. The point made by the defendant is, that the evidence does not show that anything of value was bet at the defendant's table. The reply is, that the section of the Code under which the defendant was indicted does not require that the playing and betting at the defendant's faro table should be of a thing or things of value in order to constitute the offense. The offense consists in keeping a faro table for the purpose of playing and betting at the same, though we think the fair legal presumption is,

when it is shown that there was playing and betting at the defendant's faro table, that the thing or things bet were of some value until the contrary was proved. The 4541 section is applicable to a different class of offenders.

The case of The State *vs.* Loyd was argued with this case —the same questions being involved in each.

Let the judgment of the court below in both cases be affirmed.