### HAYDEN *vs.* NEAL.

The issue being whether an alteration in a note was made with the knowledge and consent of an indorser, and other notes made at the same time and similarly altered with his knowledge, being put in evidence to show his knowledge and consent as to all, it was error to charge the jury that this was a circumstance from which they might conclude that the defendant consented to the alteration of all the notes. Such instruction trespassed upon the province of the jury in drawing their own conclusions from the testimony.

Charge of Court. Before Judge CLARK. City Court of Atlanta. June Term, 1878.

Reported in the decision.

COLLIER & COLLIER; McCAY & TRIPPE; Z. D. HARRISON, for plaintiff in error, cited (on intimation in charge of court), Code, §3284; 39 *Ga.*, 597; 30 *Ib.*, 324.

HOPKINS & GLENN, for defendant, cited 60 *Ga.*, 264.

WARNER, Chief Justice.

The plaintiff sued the defendant as indorser on a note, a copy of which is as follows:

"ATLANTA, June 2, 1875.

"Twelve months after date I promise to pay to the order of myself twenty-five hundred dollars, at either bank in the city of Atlanta, twelve per cent. interest from date, value received."

W. L. THRASHER."

Indorsed "W. L. Thrasher, B. H. & A. M. Thrasher, J. A. Hayden."

The defendant Hayden filed a plea of *non est factum* and alleged that when he indorsed the note the printed words "value received" were in the face of the note; that after his said indorsement the printed words "value received" in the face of said note, had been erased and the words "twelve per cent. interest from date, value received" written instead thereof, and that said alteration was made without his knowledge or consent, and before said note was negotiated to any person. On the trial of the case, the jury, under the evidence and charge of the court, found a verdict for the plaintiff. The defendant made a motion for a new trial on the grounds therein stated, which was overruled, and the defendant excepted.

It appears from the evidence in the record, that the defendant was an accommodation indorser for the Thrashers to enable them to raise money on the note, and that the plaintiff paid full value for it before it became due, and without notice that it had been altered. Hoyt testified that "Thrasher presented to our bank, a few days before the 16th of June, 1875, for sale, two notes for $2,500.00 each, dated the same day, and of the same tenor and effect as the note sued on, except being due at six months instead of twelve months after date, and indorsed in the same manner; that whilst the notes were left at the bank for consideration, the defendant, Hayden, came in and witness showed him the notes, and wished to know the probabilities of the same being promptly paid. The defendant read them over, said they were all right, and that he had deeds to land worth $30,000.00 to secure him in his indorsement." The evidence as to the fact that Hoyt showed the defendant the notes, and that he read them over, as stated by him, is conflicting. The court charged the jury, amongst other things, as follows:

"I charge you that if you believe from the evidence that several notes besides this one were made and indorsed at the same time this was indorsed, and that in the aggregate those notes amounted to $14,500.00, and that two of the notes so made, came to the Atlanta Savings Bank, through its presi-

dent, Mr. Hoyt, for negotiation, and before the notes were bought by the bank, Mr. Hoyt, the president, showed the notes to Hayden, and these notes were substantially the same as this one, having the same 12 per cent. inserted, and substantially in the same manner, and that these notes were exhibited to Hayden, and he then recognized their validity, or did not dissent from it, or made no point upon the fact that the notes had been altered, that is a circumstance for you to consider as to whether Judge Hayden consented to the alteration in said notes or not; and if you believe also that the note so sued on by Neal is one of the $14,500.00 notes that were so made and indorsed at the same time and traded, or were about to be traded, to Hoyt, (you will remember that I charged you upon that point) then that is a circumstance from which you may conclude that the defendant, Hayden, having assented to two of this batch of notes, and this note in this case being one of that batch, that he consented to the alteration of all of them."

Whether the alteration of the note was made with the intent to defraud any one, or whether defendant had any knowledge of its alteration before it was negotiated, and how far the rights of the plaintiff as a *bona fide* holder of the paper may be affected by the alteration under the evidence in the record, we express no opinion, inasmuch as we are constrained to reverse the judgment for a violation of the 3248th section of the Code, which declares that it shall be error for the judge, in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, etc. The judge told the jury " that if they believed that the note sued on by Neal is one of the $14,500.00 notes so made and indorsed at the same time and traded, or which were about to be traded, then that is a circumstance from which you may *conclude* that the defendant, Hayden, having assented to two of this batch of notes, and this note in this case being one of that batch, that he consented to the alteration of all of them." In other words, the judge expressed, or at least intimated, that it was his opinion, that the jury might conclude—that is, decide, make

a final judgment from the facts narrated, if they believed them, that the defendant consented to the alteration of all of the notes ; whereas the statute requires that the evidence should have been submitted to the jury for their consideration, and for them to make their own conclusion therefrom, without any expression or intimation of opinion by the judge as to what conclusion they might make from the evidence as to the defendant's consent to the alteration of the note sued on. *Bohler vs. Owens,* 60 *Ga.,* 145.

Let the judgment of the court below be reversed.