### 29120.  NELSON v. THE STATE.

MACINTYRE, J.  1. The defendant's motion for a continuance was overruled.  The defendant excepted.  This ground is controlled adversely to the defendant by *Hunter* v. *State*, ante, 766.  In that case the defendant, having the same counsel as the defendant here, sought a continuance on the same state of facts.

2. The record does not disclose that a demurrer was filed, or that the overruling of the demurrer to the indictment, if one was filed, is assigned as error.  No ruling of the trial court was invoked as to the sufficiency of

the indictment, and this question can not be raised for the first time in the Court of Appeals. *Ahl* v. *State,* 60 *Ga. App.* 629 (4 S. E. 2d, 692).

3. The indictment was for murder. The evidence disclosed that the defendant at the time of the collision was driving an automobile, while under the influence of whisky, on the wrong side of the highway, and at an excessive rate of speed. The collision resulted in the death of Early Thomas. The evidence authorized a verdict finding the defendant guilty of involuntary manslaughter in the commission of a lawful act without due caution, with a recommendation that he be punished as for a misdemeanor.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED SEPTEMBER 12, 1941.

*W. A. Dampier, W. W. Larsen Jr.,* for plaintiff in error.
*J. Eugene Cook, solicitor-general, Emory S. Baldwin Jr.,* contra.