## 72100. WRIGHT v. THE STATE.
### (346 SE2d 361)

DEEN, Presiding Judge.
The appellant, Carla T. Wright, was convicted of theft by conversion, for which she was sentenced to six years' probation and 400 hours of community service, and ordered to pay $7,867.79 restitution. This appeal followed.

From July 1982 through August 22, 1983, the appellant, as an employee of the Clerk of Laurens County Superior Court, was in charge of the alimony and child support collection account. Her job duties included recording receipt of child support and alimony payments paid through the clerk's office, depositing such funds, and disbursing funds to the appropriate recipients. In August 1983 the superior court clerk was informed by the bank handling the account that the child support account was in overdraft status. The clerk had an audit conducted, which revealed a total net shortage of $7,674.99, accruing from August 6, 1982, through August 5, 1983. Examination of the receipt book revealed that several entries had been altered, apparently by the appellant. Upon being confronted about the discrepancy in the account and advised of her *Miranda* rights, the appellant admitted to having taken the money.

At trial, however, the appellant denied having made that admis-

sion. She also claimed that throughout the year she had often pointed out shortages in the account to the clerk, but that he had seemed unconcerned. She explained the numerous deposits during the year in question of various amounts of cash into her bank account as money she had borrowed from friends, parents, loan companies, and her husband. *Held*:

1. The appellant contends that her conviction must be set aside, on the basis that blacks and women had never been selected as grand jury foremen. In Laurens County, the foreman is selected from the membership of each grand jury, and the unvarying practice has been for the grand jury to select its own foreman, rather than for him or her to be appointed by the superior court judge. The Supreme Court has recently held that an identical selection system "provides no ground for reversal of a conviction obtained by a properly constituted traverse jury." *Spivey v. State*, 253 Ga. 187, 199 (319 SE2d 420) (1984).

2. During cross-examination of the actual auditor, counsel for the appellant sought to question him on every computation he made in performing the audit. The trial court then indicated that, while counsel could inquire about any specific portions of the audit which counsel suspected were erroneous, he would not allow the expert to redo the entire audit in front of the jury. The appellant now contends that the trial court thus impermissibly curtailed her right to a thorough and sifting cross-examination of the State's witness guaranteed by OCGA § 24-9-64, Art. I, Sec. I, Par. XIV of the Georgia Constitution, and the Sixth Amendment to the United States Constitution.

We do not address the state constitutional grounds, because the appellant, although preserving the statutory and federal constitutional grounds by generally asserting a right to a thorough and sifting cross-examination and later specifically upon the Sixth Amendment, did not raise the state constitutional grounds at trial. With regard to both grounds preserved for appeal, however, the extent of cross-examination is within the discretion of the trial court and will not be disturbed on appeal unless it is manifestly abused. *White v. State*, 253 Ga. 106 (317 SE2d 196) (1984); *Hines v. State*, 249 Ga. 257, 260 (290 SE2d 911) (1982). In the instant case, it was patently unreasonable for the appellant's counsel to expect to have the auditor essentially redo an audit that had originally taken several days to complete, and the trial court did not abuse its discretion in disallowing such.

3. The appellant also contends that the evidence was insufficient to support the conviction. Viewed in the light most favorable to the verdict, however, the evidence certainly authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of theft by conversion. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Benham, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in the opinion except that with respect to Division 2, we should consider only the Sixth Amendment claim. That was the sole authority invoked in the trial court for the objection made. New grounds may not be raised for the first time on appeal. " 'It is well settled that on appeal the ground of the objection stated below "cannot be enlarged . . . to include grounds not urged before the trial court." [Cits.]' *Gurin v. Gen. Motors Corp.*, 171 Ga. App. 159, 160 (1) (318 SE2d 830) (1984). '[R]eview of the charge enumerated as error is limited . . . strictly to the ground of objection stated on the trial. [Cits.] [Cits.]' *Hurst v. J. P. Colley Contractors*, 167 Ga. App. 56, 58 (306 SE2d 54) (1983)." *Kent v. Henson*, 174 Ga. App. 400, 403 (330 SE2d 126) (1985).

Considering the federal constitution analysis, *Hines v. State*, 249 Ga. 257, 259-260 (2) (290 SE2d 911) (1982), deals solely with that ground. It then serves as a guide and authorizes the conclusion reached. *White v. State*, 253 Ga. 106, 110 (4) (317 SE2d 196) (1984), cites both state statute (and decisional law construing and applying it) and the *Hines* federal constitutional decision.

DECIDED MAY 19, 1986 —
REHEARING DENIED JUNE 9, 1986 — 

*Floyd Mincey*, for appellant.
*Beverly B. Hayes, Jr., District Attorney, B. H. Baldwin, Assistant District Attorney*, for appellee.