## 72628. NARRAMORE v. THE STATE.
(351 SE2d 643)

BEASLEY, Judge.

Narramore was indicted by the grand jury of Walker County for the offense of burglary. Prior to trial appellant filed a challenge to the poll alleging that three named members of the grand jury which indicted him were inherently prejudiced, as each was either actively engaged as a law enforcement officer or closely associated with law enforcement. After presentation of evidence and argument of counsel the motion was overruled, and Narramore was tried and convicted of the offense charged. His motion for new trial as amended was denied. On appeal he enumerates as error the overruling of his challenge to the poll of the grand jury and the exclusion of evidence he attempted to elicit at the hearing on the challenge to the poll to show that these persons by virtue of their positions exerted undue influence on the other members of the grand jury.

Appellant urges that he is entitled to a new trial because of the alleged improper makeup of the grand jury which indicted him. OCGA § 15-12-60 in defining the qualifications of grand jurors does not prohibit peace officers or those closely connected with the profession from serving, unless they hold elective office (such as a sheriff), which none of the persons objected to did. The constitutionality of this statute has been challenged and upheld. *White v. State*, 230 Ga. 327 (1) (196 SE2d 849) (1973).

Of course, police officers, employed full-time, must be stricken for cause from the petit jury panel, if challenged. "It is inherent in the nature of police duties and the closeness with which such officers are identified with criminal procedure that questions regarding possible bias, fairness, prejudice or impermissible influence upon jury deliberations inevitably arise . . ." and cannot be erased. *Hutcheson v. State*, 246 Ga. 13, 14 (1) (268 SE2d 643) (1980). Although the statute there discussed was materially changed in 1984, this constitutional proposition remains steadfast. See *Harris v. State*, 255 Ga. 464 (2) (339 SE2d 712) (1986); *Cargill v. State*, 255 Ga. 616. 625 (6) (340 SE2d 891) (1986). However, the same theory does not apply to grand jurors, whose function is not similarly and unconstitutionally infected. See *Creamer v. State*, 150 Ga. App. 458, 460-461 (1) (258 SE2d 212) (1979).

We must thus presume that the grand jury acted in accordance with their oath, presenting no one "from envy, hatred, or malice."

OCGA § 15-12-67 (b). It is a "well settled principle that public officials shall be presumed to have performed their duties and acted in good faith unless clearly proven otherwise. [Cits.]" *Richmond County Hosp. Auth. v. Richmond County*, 255 Ga. 183, 192 (2 (c)) (336 SE2d 562) (1985). As in *Robinson v. State*, 179 Ga. App. 616, 617 (1) (347 SE2d 667) (1986): " '[appellant's] case was investigated by a qualified grand jury and an impartial grand jury, so far as the record discloses.' [Cit.]" Moreover, a challenge to the grand jury array is waived unless timely filed. "In order for such a motion to be entertained by the trial court, it must be made prior to the return of the indictment or the defendant must show that he had no knowledge, either actual or constructive, of such alleged illegal composition of the grand jury prior to the time the indictment was returned; otherwise, the objection is deemed to be waived. [Cits.]" *Sanders v. State*, 235 Ga. 425 (219 SE2d 768) (1975); *Sullivan v. State*, 246 Ga. 426-427 (271 SE2d 823) (1980); *Clark v. State*, 255 Ga. 370, 372 (2) (338 SE2d 269) (1986).

Appellant did not file his challenge to the array until a week after the indictment was returned and failed to show that he had no earlier actual or constructive notice of the alleged illegality. Compare *Dawson v. State*, 166 Ga. App. 515 (2) (304 SE2d 570) (1983). Thus, we find he waived the objection.

Finally, even if we agreed that appellant had shown any impropriety in the selection of the grand jury or bias in the proceedings, which we do not, we fail to perceive what redress a new trial under the same indictment would yield. Appellant having cited no authority to the contrary, we can only conclude that the purported irregularities "provide no ground for reversal of a conviction obtained by a properly constituted traverse jury." Cf. *Spivey v. State*, 253 Ga. 187, 199 (1) (319 SE2d 420) (1984); *Wright v. State*, 179 Ga. App. 325 (1) (346 SE2d 361) (1986). Appellant admits there was probable cause to indict him, and should we grant his request, which is only for a new trial, it would be upon the same indictment. There is no reversible error. Cf. *Gossitt v. State*, 182 Ga. 535 (1) (186 SE 417) (1936); *Glenn v. State*, 217 Ga. 553, 554 (1) (123 SE2d 896) (1962).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 4, 1986 —
REHEARING DENIED DECEMBER 11, 1986 —

*William David Hentz*, for appellant.
*David L. Lomenick, Jr., District Attorney*, for appellee.