## 73616. WOMBLE v. THE STATE.
(360 SE2d 271)

SOGNIER, Judge.

Appellant was convicted of incest and appeals.

1. Appellant contends the evidence is not sufficient to support the verdict. The victim, appellant's fourteen-year-old daughter, testified that appellant had sexual intercourse with her, and appellant denied doing so. Thus, the only issue in this case was the credibility of witnesses, which was a question for the jury. *Bryant v. State*, 174 Ga. App. 468 (2) (330 SE2d 406) (1985). The testimony of the victim was corroborated by her brother and a medical doctor, and based on our examination of the entire transcript we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by overruling his challenge to the poll of the Walker County grand jury for the November 1985 term. The basis of appellant's challenge was that three grand jurors who served during this term, when the indictment was returned against appellant, were law enforcement officers. This contention was

decided adversely to appellant in *Narramore v. State*, 181 Ga. App. 254 (351 SE2d 643) (1986), which involved the same three grand jurors on the same grand jury of Walker County.

3. During the hearing on appellant's challenge to the poll of the Walker County grand jury the State objected to questions to the challenged grand jurors as to certain matters which occurred while the grand jury was in session. The State's objection was sustained and appellant asserts error in that ruling. This enumeration of error is without merit.

First, OCGA § 15-12-73 provides: "Admissions and communications among grand jurors are excluded as evidence on grounds of public policy." Although OCGA § 15-12-72 apparently makes an exception to that provision by providing that grand jurors shall disclose everything which occurs in their service whenever it becomes necessary in any court of record in Georgia, the court here apparently did not find such disclosure was necessary to resolve the issue before it. Second, the only purpose of the proposed questions was an attempt to show bias and undue influence on other jurors by the challenged jurors, because they were law enforcement officers or associated with law enforcement, thereby impeaching the finding of the true bill. Our Supreme Court has held that grand jurors cannot be sworn and examined as witnesses to impeach their findings. *Turner v. State*, 57 Ga. 108 (1) (1876); *Simms v. State*, 60 Ga. 145, 146 (1, 2) (1878); *Tanner v. State*, 163 Ga. 121, 128 (8) (135 SE 917) (1926). Accordingly, the trial court did not err by sustaining the State's objection to questions as to what transpired while the grand jury was in session.

4. Appellant contends the trial court erred by overruling his objection to testimony as to confidential communications with his attorney, and by forcing appellant to invoke his privilege in the presence of the jury. We do not agree.

This issue arose after a detective testified that in a statement made by appellant he said his daughter had accused him of the crime because appellant took out a warrant for his daughter's boyfriend, James Lively, which made his daughter angry. On cross-examination appellant testified that he got a warrant for kidnapping against Lively, but dismissed the warrant after the judge told appellant the warrant was not legal because his daughter had gone off with Lively on her own free will. The prosecutor then asked: "It wasn't because your attorney told you not to?" Appellant responded that his attorney might have made a suggestion of that, but the judge "had done told me." Appellant's attorney objected to any testimony as to advice he had given appellant, and the court informed both appellant and the jury that anything appellant discussed with his attorney was a confidential communication, and if appellant wanted to claim such confidentiality he could do so. Appellant claimed the privilege and

the prosecutor asked no further questions on this subject.

We find no error in the procedure followed by the trial court. Appellant had already answered the prosecutor's question before his counsel objected, and the court gave its instruction concerning confidential communications as a result of appellant's objection. Appellant made no objection to the court's instruction, so he cannot claim for the first time on appeal that the procedure followed by the court was error. *Bryant*, supra.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 24, 1987 —
REHEARING DENIED JULY 16, 1987.

*William D. Hentz*, for appellant.
*David L. Lomenick, Jr., District Attorney, David L. Whitman, Assistant District Attorney*, for appellee.