74639. CARR v. THE STATE.
74640. DETOY v. THE STATE.
(363 SE2d 319)

McMURRAY, Presiding Judge.

In each of these cases the respective defendant was charged by accusation "with the offense of Misdemeanor . . .

40-0698 PEDESTRIAN SOLICITING
STAND IN THE ROADWAY FOR THE PURPOSE OF
SOLICITING NEWSPAPERS."

Defendants were convicted of the offense charged and sentenced. (See OCGA § 40-6-98.) On motion for new trial each defendant raised for the first and only time before the trial court, the contention that: "The accusation under which this Defendant was tried does not allege an offense under OCGA Section 40-6-98 (b)." Defendants' motions for new trial were denied and they appeal, each raising the single enumeration of error that the offense as set forth in the accusation for which defendants stand convicted, is not described as a crime under any statute of the State of Georgia. *Held*:

The posture of these cases sub judice is such that we are unable to reach the merit of defendants' attacks upon the legal sufficiency of the accusations. This is an appellate court, limited to the correction of errors of law in the courts below.

Thus, we may consider only issues properly raised in lower courts. *Moore v. State*, 176 Ga. App. 882, 884 (2) (339 SE2d 271). In this instance, the issue which these defendants argue was not properly

raised in the trial court. A motion for new trial is not a proper vehicle for raising questions as to the legal sufficiency of an accusation. *Scandrett v. State*, 124 Ga. 141 (2) (52 SE 160). See also *Gossitt v. State*, 182 Ga. 535 (1) (186 SE 417), and cits. Accord *Narramore v. State*, 181 Ga. App. 254 (351 SE2d 643).

*Judgments affirmed. Sognier and Beasley, JJ., concur.*

DECIDED NOVEMBER 18, 1987.

*Reid W. Kennedy, David M. Simpson,* for appellants.
*John C. Carbo III, Solicitor,* for appellee.