## 75050. MATALUNI v. THE STATE.

(364 SE2d 911)

McMURRAY, Presiding Judge.

Via indictment, defendant was accused of trafficking in cocaine and possessing more than one ounce of marijuana. With regard to the trafficking in cocaine charge, it was alleged that on May 2, 1985, defendant unlawfully and knowingly sold "56 grams of a mixture containing cocaine." Defendant was tried by the court without a jury on January 15, 1986. She was found guilty upon each charge and was sentenced to serve five years for trafficking in cocaine and four years for possessing more than one ounce of marijuana. Moving for a new trial, defendant argued for the first time that the trafficking in cocaine conviction was not authorized in view of the repeal and amendment of OCGA § 16-13-31 (effective July 1, 1985) which deleted the "mixture" language from that Code section. The trial court denied defendant's new trial motion and defendant appealed. *Held*:

1. In *Robinson v. State*, 256 Ga. 564 (350 SE2d 464), the Supreme Court held that the repeal and subsequent amendment of OCGA § 16-13-31 put an end to prosecutions for trafficking in cocaine by possessing more than 28 grams or more of a mixture containing cocaine. Accord *Blount v. State*, 181 Ga. App. 330 (1) (352 SE2d 220). Conceding the applicability of *Robinson v. State*, 256 Ga. 564, supra, to the facts of this case, the State contends defendant waived the *Robinson* argument because she did not present it in the trial court prior to conviction. This contention is erroneous. It is true that objections as to the form and sufficiency of an indictment cannot be urged after conviction. See *Carr v. State*, 184 Ga. App. 889 (363 SE2d 319); *Nelson v. State*, 65 Ga. App. 769 (2) (16 SE2d 502). Where, however, an indictment is so defective as to be rendered void, it can be attacked after conviction. See *Harrington v. State*, 97 Ga. App. 315, 317 (1) (103 SE2d 126). In the case sub judice, it is clear that the indictment was void. The repeal and amendment of OCGA § 16-13-31 meant that defendant's "conduct was no longer defined by the legislature as trafficking in cocaine . . . [and that] the prosecution in this case was at an end before the trial." *Robinson v. State*, 256 Ga. 564, 566, supra. Accordingly, it cannot be said that defendant waived her attack upon the indictment by failing to raise it prior to conviction. The trafficking in cocaine conviction must be reversed. *Robinson v. State*, 256 Ga. 564, 566, supra; *Blount v. State*, 181 Ga. App. 330, 331, supra.

2. In view of our holding in Division 1, the remaining enumerations of error need not be considered.

3. The trafficking in cocaine conviction is reversed; the possession of more than one ounce of marijuana conviction is affirmed.

*Judgment affirmed as to conviction and sentence for possession*

*of more than one ounce of marijuana; judgment reversed as to conviction and sentence for trafficking in cocaine. Sognier and Beasley, JJ., concur.*

DECIDED JANUARY 15, 1988.

*Gale W. Mull,* for appellant.

*Robert E. Wilson, District Attorney, Barbara Conroy, James W. Richter, Assistant District Attorneys,* for appellee.