A90A0955. THOMASON v. THE STATE.
(396 SE2d 79)

MCMURRAY, Presiding Judge.

Defendant Thomason appeals his conviction of the offenses of homicide by vehicle in the second degree, driving under the influence, speeding, and leaving the scene of an accident. *Held*:

1. During a *Jackson v. Denno* (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908 (1964)) hearing, a State trooper referred to documents which he testified were the original notes he had taken during the questioning of defendant. The trooper testified that the defendant's statement, which was identified (and later admitted into evidence) as an exhibit at the hearing, was prepared from the notes and that there was nothing in the notes that was not included in the exhibit.

When defense counsel sought to examine the notes from which the trooper was refreshing his memory, the State's objection to this request was sustained. Nonetheless, the State was required to furnish the trial court a photocopy of the notes for in camera inspection. The trial court's in camera inspection of the notes revealed that their substance was included almost verbatim in the defendant's statement included in evidence at the hearing.

Defendant was clearly entitled to examine the notes at issue under *Johnson v. State*, 259 Ga. 403 (383 SE2d 118). However, all that was contained in the notes was available to defendant in defendant's pretrial statement which was introduced into evidence. The error was harmless and does not require reversal. Id. at 405.

2. Based on his conviction under Count 5 of the indictment, defendant has been sentenced for a felony violation of OCGA § 40-6-270 (Duty of driver to stop at or return to scene of accident), leaving the scene of an accident. Defendant contends that the sentence imposed on Count 5 of the indictment is void since that count of the indictment is fatally defective. On the face of the indictment, Count 5 is listed as "LEAVING THE SCENE OF AN ACCIDENT (40-6-274)

[sic]." The body of the indictment states: "*COUNT V, LEAVING THE SCENE OF AN ACCIDENT* And the Grand Jurors aforesaid, in the name and behalf of the Citizens of Georgia further charge and accuse TIMOTHY JAMES THOMASON of the County and State aforesaid, with the offense of LEAVING THE SCENE OF AN ACCIDENT, for that the said accused on the 5th day of May, in the year 1989, in the County aforesaid, did unlawfully being the drive (sic) of a motor vehicle involved in an accident resulting in the death of Christopher Barry Nunnally, fail to immediately stop such vehicle at the scene of said accident and as close thereto as possible, return to and remain at the scene of the accident until he had fulfilled the requirements of O.C.G.A. §40-9-30 [Reports of accidents required]."

" 'The true test of the sufficiency of an indictment (or accusation or citation) is not whether it could have been made more definite and certain (or, for that matter, perfect,) but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' (Cits. and punctuation omitted.) *King v. State*, [176 Ga. App. 137, 139-140 (2) (335 SE2d 439)]. Thus, if the accused can admit all the [indictment or accusation or citation] charges and still be innocent of having committed any offense, the [indictment or accusation or citation] is defective. *Brooks v. State*, 141 Ga. App. 725 (1) (234 SE2d 541) (1977)." *Manley v. State*, 187 Ga. App. 773, 774 (2), 775 (371 SE2d 438).

Count 5 having commingled the elements of two separate offenses is garbled and fails to state the essential elements of any offense. An essential element, of the offense of leaving the scene of an accident as set forth in OCGA § 40-6-270, is failing to return to the scene of an accident and remain until fulfilling the requirements of OCGA § 40-6-271 (Duty to give information and render aid). There is no reference in Count 5 to OCGA § 40-6-271 or to the requirements stated therein. OCGA § 40-9-30, which is referenced in Count 5, is not substantially similar to the requirements stated in OCGA § 40-6-271. Nor does Count 5 charge a violation of OCGA § 40-6-274 (Duty to report accident resulting in injury, death or property damage). Defendant could admit all the allegations of the indictment and be innocent of any offense. Compare *Burden v. State*, 187 Ga. App. 778, 779 (2) (371 SE2d 410). The omission of an essential element of the crime renders Count 5 of the indictment void. *Ponder v. State*, 121 Ga. App. 788, 790 (175 SE2d 55). The trial court erred in sentencing defendant on Count 5.

*Judgment affirmed in part and reversed in part. Carley, C. J., and Sognier, J., concur.*

DECIDED JULY 16, 1990.

*James T. Irvin*, for appellant.
*Michael H. Crawford, District Attorney, George N. Guest, Assistant District Attorney*, for appellee.