A91A0935. PURSER v. THE STATE.
(412 SE2d 869)

Judge Arnold Shulman.

The appellant was charged by accusation with the offense of "driving under the influence," based on allegations that he did "drive or operate a motor vehicle . . . while under the influence of 0.12 grams or more of alcohol concentration in violation of OCGA § 40-6-391 (a) (4), . . ." He was tried without a jury and found guilty of this alleged offense, based on evidence that he had registered a blood-alcohol concentration of .18 percent on an intoximeter test administered to him some 30 minutes after he was stopped by police for "weaving." Although the appellant did not demur to the accusation or move to dismiss it, he objected to being sentenced under it on the ground that it failed to allege the commission of any criminal offense. The appellant's sole enumeration of error on appeal is directed to the overruling of this objection. *Held*:

The appellant contends that the statute under which he was charged did not prohibit the act alleged in the indictment, i.e., driving or operating a motor vehicle "while under the influence of 0.12 grams or more of alcohol concentration," but rather made it unlawful to have such a blood-alcohol concentration within three hours *after* driving or being in physical control of a vehicle, due to alcohol consumed prior to such driving or being in physical control of a vehicle. Relying on *Thomason v. State*, 196 Ga. App. 447 (2) (396 SE2d 79) (1990), for the proposition that an indictment or accusation will not support the imposition of a criminal sentence if the defendant can admit all of the allegations contained therein yet be innocent of any offense, the appellant contends that his conviction must accordingly be reversed.

The actual language of OCGA § 40-6-391 (a) (4) as it existed on the date of the appellant's arrest was as follows: "(a) A person shall not drive or be in actual physical control of any moving vehicle while: . . . (4) The person's alcohol concentration is 0.12 grams or more at any time within three hours after such driving or being in actual

physical control from alcohol consumed before such driving or being in actual physical control ended." (This subsection was subsequently amended by Ga. L. 1991, pp. 1886, 1891, § 6 to substitute "0.10 grams" for "0.12 grams" but was otherwise unchanged.) Since it is obviously not possible to drive or to be in actual physical control of a moving vehicle "within three hours after such driving or being in actual physical control" of the vehicle has ended, this language is meaningless if construed literally. The interpretation which the appellant seeks to place on the statute, i.e., that it made it unlawful to have a blood-alcohol concentration of 0.12 grams or more within three hours after driving or being in physical control of a moving vehicle but did not make it unlawful to have such a blood-alcohol concentration while actually driving or being in physical control of the vehicle, does have the advantage of avoiding this problem. However, it does so only by ignoring the first portion of the statutory provision and thereby giving the provision as a whole a meaning which can only be described as irrational.

" 'It is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature.' [Cit.]" *State of Ga. v. Livingston*, 222 Ga. 441, 442-443 (150 SE2d 648) (1966). As we read the statutory language at issue, it evinces a clear and obvious legislative intention to prohibit the act of driving or being in actual physical control of a moving vehicle with a blood-alcohol concentration of 0.12 grams or more. In addition, in order to avoid placing on the state the burden of proving that a person registering such a blood-alcohol concentration shortly after driving or being in physical control of a moving vehicle also possessed such a blood-alcohol concentration at the time he was in control of the vehicle, the statute *also* made it unlawful for a person to drive or to be in physical control of a moving vehicle after having consumed alcohol if at any time within the three-hour period after such driving or being in physical control ended, he or she registered a blood-alcohol concentration of 0.12 grams or more as a result of such prior alcohol consumption. Because the accusation in this case did allege a violation of the statute under this interpretation, and because there is no question that the appellant's blood-alcohol concentration was 0.18 grams percent some 30 minutes after he was stopped for erratic driving, the judgment of the trial court is affirmed.

*Judgment affirmed. Beasley, J., concurs specially and Carley, P. J., concurs in judgment only.*

BEASLEY, Judge, concurring specially.

I agree that the evidence showed beyond a reasonable doubt that appellant's blood-alcohol concentration was 0.18 grams percent about

30 minutes after he was stopped. The question is whether he was properly charged.

The accusation was written according to a prior version of OCGA § 40-6-391 (a) (4), which made it a crime to drive under the influence of 0.12 or more of alcohol concentration. Currently, and at the time of defendant's act, the critical quantitative time is the three-hour period *after* the driving has ceased. See Ga. L. 1990, pp. 2048, 2312, § 5. This revision was apparently made for evidentiary reasons. There is virtually no way for measuring the suspected alcohol-influenced driver's blood *while* he is driving. The legislature changed the critical quantitative time to the period in which the concentration could be measured to give a quantity which would conclusively mean that the level at the time of driving, whatever it was, was too high to drive safely as a matter of public policy. I do not agree with the majority that subsection (4) prohibits *both* driving with .12 concentration and driving with concentration which measures .12 at any time within three hours of ceasing to drive. When the statute was changed, the former was abandoned, as the latter covered it satisfactorily by moving the quantitative timing. The result is that whether the blood-alcohol level is higher or lower than .12 when driving, if it is .12 within three hours of driving, the person is guilty of driving under the influence as forbidden by OCGA § 40-6-391 (a) (4). If, for example, the alcohol consumption was occurring while the person was driving, the blood alcohol level might not reach .12 until after he or she was stopped and tested.

If appellant had admitted that he "[did] drive or operate a motor vehicle . . . while under the influence of 0.12 grams or more of alcohol concentration . . ." as charged, it could reasonably be inferred that he was driving while the alcohol concentration in his blood was of a level which would measure 0.12 a minute after he stopped, which would be a violation as described by the revised subsection (4), the very section expressly charged. So the rule applied in *Thomason v. State*, 196 Ga. App. 447, 448 (2) (396 SE2d 79) (1990), as taken from *Brooks v. State*, 141 Ga. App. 725, 730 (1) (234 SE2d 541) (1977), does not aid appellant.

The evidence in this case clearly supported a conviction under OCGA § 40-6-391 (a) (4). The discrepancy between the act inartfully described in the accusation as having been committed and the act which the statute prohibited is not material in considering whether an essential element was omitted, which is appellant's complaint. See *Chappell v. State*, 164 Ga. App. 77 (1) (296 SE2d 629) (1982).

DECIDED NOVEMBER 18, 1991.

*James A. Chamberlin, Jr.*, for appellant.

*Richard H. Taylor, Solicitor*, for appellee.