A92A1174. ABREU v. THE STATE.
A92A1175. GORDON v. THE STATE.
(425 SE2d 331)

CARLEY, Presiding Judge.

Appellants Faye Abreu and Edward Ray Gordon were tried jointly before a jury on indictments which charged them with the commission of various sexual crimes against Abreu's daughter. Abreu was found guilty of enticing a child for indecent purposes and child molestation. Gordon was found guilty of three counts of enticing a child for indecent purposes and two counts of child molestation. After the trial court had entered judgments of conviction and sentences on the jury's guilty verdicts, appellants filed motions for new trial. When

the motions for new trial were denied, separate notices of appeal but identical enumerations of error were filed. Accordingly, the two cases are hereby consolidated for appellate disposition in this single opinion.

1. In their motions for new trial, appellants raised the issue of the effectiveness of their trial counsel, based upon his failure to have objected to certain of the trial court's instructions to the jury. The denial of their motions for new trial on this ground is enumerated as error.

In its charge and recharge on the definitions of the crimes of "enticing a child" and "child molestation," the trial court quoted the entirety of the language of OCGA §§ 16-6-5 (a) and 16-6-4 (a). Trial counsel's failure to object does not demonstrate his ineffectiveness, because there was no reversible error. " 'It is not usually cause for new trial that an entire Code section is given . . . even though a part of the charge may be inapplicable under the facts in evidence.' (Cits.) [Cit.]" *Anderson v. State*, 262 Ga. 26, 27 (1a) (413 SE2d 732) (1992). Neither OCGA § 16-6-5 (a) (*Cimildoro v. State*, 259 Ga. 788, 789 (1) (387 SE2d 335) (1990)) nor OCGA § 16-6-4 (a) (*Day v. State*, 193 Ga. App. 179, 180 (3) (387 SE2d 409) (1989)) sets forth alternative methods by which the crimes defined therein may be committed. Moreover, even assuming that those statutes did provide for alternative methods, "the trial court sent the indictment[s] out with the jury so they could read the specific charges themselves, [cit.], and thus we find no reversible error here." *Day v. State*, supra at 180 (3).

Appellants rely upon *Grimes v. State*, 199 Ga. App. 152, 154 (2) (404 SE2d 324) (1991) as authority for the proposition that it was error for the trial court to have submitted to the jury an excerpt from its charge that had been reduced to writing. That reliance is misplaced, because, under controlling Supreme Court authority, the holding in that division of *Grimes* is no longer viable. The procedure of reducing the trial court's charge to writing and submitting it to the jury "should [not] be prohibited by an adherence to the mechanistic regimes of the past." *Anderson v. State*, supra at 28 (3b). Accordingly, even if trial counsel had objected to the employment of that procedure in the instant case, there would be no reversible error.

When the trial court gave its recharge, it did not include an unrequested recharge on "reasonable doubt." Trial counsel did not object to the failure to include recharge on "reasonable doubt." But, even if he had, there would be no reversible error. *Schwerdtfeger v. State*, 167 Ga. App. 19, 21 (2) (305 SE2d 834) (1983). See also *Haggins v. State*, 181 Ga. App. 530 (2) (353 SE2d 12) (1987); *Chancellor v. State*, 165 Ga. App. 365, 374 (29) (301 SE2d 294) (1983). Compare *Grimes v. State*, supra at 153-154 (2).

"The fact that defense counsel made no . . . objections to the

charge obviously establishes no lack of effectiveness on his part absent some deficiency or impropriety in the charge which was harmful to the appellant[s]." *Norris v. State*, 176 Ga. App. 164, 167-168 (6) (335 SE2d 611) (1985). In the instant case, appellants have made "no showing that any of the instructions given were error. . . ." *Brinson v. State*, 191 Ga. App. 151, 154 (5) (381 SE2d 292) (1989). Moreover, trial counsel was sufficiently effective to obtain Abreu's acquittal on one count of enticing a child for indecent purposes and two counts of child molestation and Gordon's acquittal on two counts of child molestation. *Bradley v. State*, 193 Ga. App. 515, 517 (6) (388 SE2d 331) (1989). It follows that the trial court did not err in failing to grant appellants' motions for new trial on the ground that their trial counsel was ineffective.

2. Appellants urge that certain counts of the indictments are void and that the trial court erred in failing so to hold.

"If the [indictments were] void *for any reason*, the question should have been raised by demurrer before pleading to the merits, or by motion in arrest of judgment after conviction. [Cit.]" (Emphasis supplied.) *Rucker v. State*, 114 Ga. 13, 14 (1) (39 SE 902) (1901). No demurrers or motions in arrest of judgment were filed by appellants. The issue of the purported voidness of certain counts of the indictments was first raised in appellants' motions for new trial. Under controlling Supreme Court authority, appellants' motions for new trial cannot be considered to be a viable procedural substitute for motions in arrest of judgment. *Boswell v. State*, 114 Ga. 40, 41 (2) (39 SE 897) (1901).

"[W]e may consider only issues properly raised in lower courts. [Cit.] In this instance, the issue which these [appellants] argue was not properly raised in the trial court. A motion for new trial is not a proper vehicle for raising questions as to the legal sufficiency of an [indictment]. [Cits.]" *Carr v. State*, 184 Ga. App. 889-890 (363 SE2d 319) (1987). Accordingly, appellants' enumerations of error predicated upon the purported voidness of certain counts of the indictments present nothing for review.

*Mataluni v. State*, 185 Ga. App. 551 (1) (364 SE2d 911) (1988); *Thomason v. State*, 196 Ga. App. 447 (2) (396 SE2d 79) (1990); and *Purser v. State*, 201 Ga. App. 839 (412 SE2d 869) (1991) "do not compel a different result. The issue of [the proper procedural vehicle for contesting the purported voidness of an indictment so as to preserve the issue for appellate review] was not considered in [any] of those cases and [none] is, therefore, authority which is contrary to our [holding in] the instant appeal[s]." *Cook v. Ga. Power Co.*, 204 Ga. App. 119, 120 (418 SE2d 451) (1992). " ' "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to consti-

tute precedents." ' [Cits.]" *Gordy Tire Co. v. Dayton Rubber Co.*, 216 Ga. 83, 89 (1) (114 SE2d 529) (1960). The issue *was* considered by the Supreme Court in *Rucker v. State*, supra, and *Boswell v. State*, supra, and the holdings therein are controlling in the instant cases.

3. As to their convictions for enticing a child for indecent purposes, appellants urge the insufficiency of the evidence of venue. The evidence showed that the child was "enticed" in the county wherein appellants were prosecuted, but the evidence also showed that the alleged act of indecency or child molestation occurred in another county. Thus, it is appellants' contention that there is a fatal lack of evidence that an act of indecency or child molestation was committed, attempted or intended in the county of prosecution.

"The crime of enticing a child for indecent purposes in violation of OCGA § 16-6-5 requires the showing of a joint operation of the act of enticing a child and the intention to commit acts of indecency or child molestation. . . . [A] conviction under OCGA § 16-6-5 need not be based upon evidence that an act of indecency or child molestation was accomplished or even attempted. . . ." *Lasseter v. State*, 197 Ga. App. 498, 499 (1) (399 SE2d 85) (1990). Accordingly, the crime is complete when the child is enticed with the requisite intent, regardless of the ultimate site whereat the enticer contemplates that the act of indecency or child molestation is to be perpetrated. Thus, it is immaterial that the evidence showed that appellants actually took the child into a county other than that wherein they were prosecuted. What would be material is whether the evidence showed that, while in the county wherein they were prosecuted, appellants enticed the child with the requisite intent to commit the alleged act of indecency or child molestation at any location. There was no asserted deficiency in the evidence in that regard.

*Judgments affirmed. Pope and Johnson, JJ., concur.*

DECIDED OCTOBER 30, 1992 —
RECONSIDERATION DENIED NOVEMBER 19, 1992

*Peters, Townsend, Shapiro & Wilson, Michael B. Shapiro, Douglas N. Peters*, for appellants.

*David E. Perry, District Attorney, Melinda I. Ryals, Ronnie A. Wheeler, Assistant District Attorneys*, for appellee.