## A01A0691. CLARK v. THE STATE.
(545 SE2d 637)

ELDRIDGE, Judge.

Chester Eugene Clark was charged with the offenses of trafficking in cocaine and two counts of obstruction of an officer (felony). A Thomas County jury returned a verdict of guilty on Count 1, trafficking in cocaine, and Count 3, obstruction of an officer. A verdict of not guilty was returned on Count 2, obstruction of an officer. Clark appeals from the conviction and sentence entered thereon. Finding no error, we affirm.

On June 17, 1998, at approximately 5:15 a.m., based on a "tip" from a previously reliable confidential informant, Officer Kevin Lee, an agent with the Thomas County-Thomasville Narcotics and Vice Division, initiated a surveillance of Georgia Highway 19 South at Lower Boston Road. At approximately, 5:20 a.m., Officer Lee observed a red, two-door Honda proceeding toward Thomasville. Officer Lee pulled his vehicle behind the red Honda and called in the tag number to dispatch. The tag number came back to Clark. Upon receiving this information, Officer Lee activated his blue lights. Clark pulled his vehicle over onto the side of the road, then immediately pulled back onto the highway. Clark continued this pattern of pulling his vehicle onto the side of the road and then back onto the highway two or three times prior to finally stopping.

Officer Lee requested Clark to step out of the car, walk to the rear, and produce his driver's license, which Clark produced. After Officer Lee informed Clark that he had stopped Clark because he had received information Clark had cocaine in his car, Clark twice tried to go back to the driver's door of his car. Each time Officer Lee ordered Clark to return to the rear of the car and put his hands on the trunk. Thereafter, Officer David Godwin arrived on the scene. Clark once again tried to go back to his car. Officer Lee instructed Clark to return to the trunk of the car. When Officer Lee turned to

speak to Officer Godwin, Clark ran and jumped in the open driver's side door of the red Honda. Both officers also jumped into the car because they were afraid Clark had a weapon. Clark grabbed a Huggie baby wipe box, which was located in the Honda, causing the top to come open. Inside the box was a black plastic bag. A struggle ensued inside Clark's car between Clark and the two officers during which the box fell out of the car. During the fight, Clark struck or kicked both agents with his hands, feet, or elbows. Officer David Melton, who arrived on the scene during the struggle, moved the box of baby wipes out of the reach of Clark with his foot. After subduing Clark, Officer Lee looked inside the black plastic bag and found a clear gallon ziplock bag containing 441 grams of cocaine, which was 48 percent pure. *Held*:

1. Clark argues that the trial court erred in denying his motion to suppress and amended motion to suppress.

Clark was arraigned on February 15, 1999. On February 17, 2000, Clark was appointed an attorney. On May 24, 2000, and June 8, 2000, Clark filed a motion to suppress and an amended motion to suppress, respectively. On June 23, 2000, Clark withdrew both of the motions to suppress and entered a guilty plea to trafficking in cocaine. Sentencing was set for August 24, 2000; however, Clark withdrew his guilty plea prior to sentencing.

The case was set for trial on September 25, 2000. After the jury was selected, Clark for the first time sought to renew his motions to suppress. The trial court denied such motions on the ground that Clark had withdrawn his motions and waived his right to be heard on those particular matters. We agree.

A motion to suppress "must be made at or before the defendant's arraignment and if not made at the proper time is waived unless the time for filing is extended by the judge in writing." *Stewart v. State*, 232 Ga. App. 565, 567 (502 SE2d 502) (1998); Uniform Superior Court Rule 31.1. "This rule has evolved over time. The purpose of the time requirement in USCR 31.1 is fundamental fairness to all parties and those who must attend trial. Failing to file a timely motion to suppress amounts to a waiver of even constitutional challenges." (Citations and punctuation omitted.) *Stewart v. State*, supra at 567.

Clark has made no assertion that the motions to suppress were not withdrawn at the time he entered his guilty plea. In fact, at trial when he attempted to renew these motions, he admitted such motions were previously withdrawn. Clark did not obtain a written extension of time to file a motion to suppress. Further, there has been no showing by Clark that he requested to renew his motions to suppress at the time he withdrew his plea of guilty. Clark's attempt to renew the motions to suppress previously waived and withdrawn is tantamount to filing them on the day of trial. Therefore, there was

no error in the trial court's denial of Clark's untimely motions to suppress.

2. Clark further enumerates as error the trial court's refusal to give his written request to charge no. 6 on "excluded or inadmissible evidence."[1] Clark contends that the failure to give this charge was harmful because of the inadmissible hearsay testimony by Officer Lee.

During direct examination by the State, the following colloquy occurred.

Q: Did you receive any information on that occasion?
A: Yes, sir; I did.
Q: And what did you receive, please sir?
A: I was contacted by a previous reliable confidential informant who stated he knew Chester Clark and possibly three other males had driven to Miami, Florida to purchase a quantity of cocaine. He also stated that —.
Mr. Parker: Judge, I'm going to object to any hearsay testimony.

Initially, we must note that procedurally Clark should have requested that the testimony be stricken and curative instructions be given at the time the trial court sustained his objection. Clark failed to do so and, instead, waited until the court's charge at the conclusion of the evidence to request such relief. However, under the facts of this case there is no need for us to decide if the trial court's refusal to give the requested charge at this time was error. Even assuming arguendo that the trial court erred in failing to give such charge, reversal is still not warranted.

The standard for weighing nonconstitutional error in criminal cases "is known as the 'highly probable test,' i.e., that it is 'highly probable that the error did not contribute to the judgment.' " *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Under that test, a reversal is not required if the evidence of "guilt is overwhelming in that there is no reason-

---

[1] Clark's request to charge no. 6 reads as follows:
During the course of this trial, the court has (on several occasions) ruled out certain testimony as inadmissible. I charge you that any such testimony which the court has ruled out is not evidence in this case, and you cannot consider it during your deliberations in reaching your verdict. You must not speculate as to why the court sustained the objection to any questions or what the answer to such questions might have been. You must not draw any inference or speculate on the truth of any suggestions included in such a question which was not answered.

able probability that the verdict of the jury would have been different in the absence of this error."

(Citations omitted.) *Felder v. State*, 266 Ga. 574, 576 (468 SE2d 769) (1996).

In this case, the evidence of Clark's guilt is overwhelming. Viewing the posture of the entire record, we find it is highly probable that the error, if any, did not contribute to the judgment.

3. Clark contends that the trial court erred by allowing Officer Lee to render his opinions without having been qualified as an expert. However, Clark did not object to Officer Lee's testimony on this ground at trial. Clark's objection was that Officer Lee's testimony was improper speculation. "In order to preserve an objection upon a specific ground for appeal, the objection must be made at trial upon that specific ground. Objecting on specific grounds waives the grounds not asserted." (Citations and punctuation omitted.) *Campbell v. State*, 228 Ga. App. 258, 263 (3) (b) (491 SE2d 477) (1997). "The rule is that the scope of review is limited to the scope of the ruling in the trial court as shown by the trial record and cannot be enlarged or transformed through a process of switching [or] shifting." (Citations and punctuation omitted.) *Robinson v. State*, 208 Ga. App. 528, 530-531 (4) (430 SE2d 830) (1993). Accordingly, Clark waived his right to raise this issue on appeal.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 15, 2001.

*Bonnie R. Spears*, for appellant.

*J. David Miller, District Attorney, James E. Hardy, Robert R. Auman, Assistant District Attorneys*, for appellee.