### S03A1394. MILLER v. THE STATE.
(589 SE2d 108)

SEARS, Presiding Justice.

The appellant, Tyrone Miller, was convicted of murder in 1995 and sentenced to life in prison. This Court affirmed his conviction on direct appeal.[1] In January 2003, Miller, relying on OCGA § 17-9-4,[2] filed the present motion to void his conviction. In the motion, he contended that the trial court erred in denying his *Batson* challenge; in failing to charge on voluntary manslaughter; in ruling that his pretrial statement to police was admissible; and in permitting a police officer to give materially false testimony about his pre-trial statement. Miller also contended that he received ineffective assistance of trial counsel. The trial court ruled that Miller was attempting an improper second appeal of his conviction and that, even if the issues Miller raised had merit, they would not render his conviction void. The court thus denied Miller's motion to void his conviction.

Having examined the record, we conclude that the trial court correctly ruled that Miller was attempting a second appeal of his conviction. Moreover, this Court has recently held that when a defendant attempts such a second appeal, it is improper and should be dismissed.[3] We reiterate that holding today, and, accordingly, dismiss the present appeal.

*Appeal dismissed. All the Justices concur.*

DECIDED NOVEMBER 17, 2003.

Tyrone V. Miller, *pro se.*
*William S. Askew, District Attorney,* for appellee.

---

[1] *Miller v. State,* 267 Ga. 92 (475 SE2d 610) (1996).

[2] OCGA § 17-9-4 provides as follows: "The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."

[3] *Shields v. State,* 276 Ga. 669 (581 SE2d 536) (2003).