A04A0288. CLARK v. THE STATE.
(596 SE2d 783)

MILLER, Judge.

After Chester Eugene Clark was convicted of trafficking in cocaine and of obstructing an officer, he appealed to this court on various grounds, all of which were rejected as lacking merit or as having been waived. Clark v. State, 248 Ga. App. 88 (545 SE2d 637) (2001) ("Clark I"). Years later, Clark moved the trial court to set aside the judgment of conviction as void, arguing that the indictment failed to allege sufficiently the crime of trafficking in cocaine. The court dismissed the motion, finding that the judgment was not void and that accordingly the court lacked jurisdiction to entertain the motion, which was filed outside the term of court in which the challenged judgment was entered. Since Clark waived any challenge to the indictment as void, we affirm.

The facts of this case are set forth in Clark I. We add that the indictment charged Clark with trafficking in cocaine by intentionally possessing "more than 400 grams of a mixture containing 10% or more of cocaine. . . ." As set forth in Clark I, the jury found him guilty on this count and on an obstruction count, and he was sentenced accordingly. Supra, 248 Ga. App. at 88. His first appeal challenged the denial of his motion to suppress, the jury charge, and an evidentiary ruling. Id. at 89-91. In our February 2001 opinion, we discerned no error and affirmed the September 2000 judgment of conviction. Id. at 91.

In August 2003, Clark moved the trial court to set aside the judgment of conviction as void, arguing that the indictment had insufficiently alleged the facts necessary for a conviction under the present OCGA § 16-13-31 (a) (1). The trial court noted that it lacked subject matter jurisdiction to correct a judgment outside the term of court in which it was entered, unless that judgment was void. Finding that the indictment was sufficient, the court held the judgment was not void and therefore dismissed the motion. Clark appeals.

1. "A defendant is not entitled to a second direct appeal from his judgment of conviction." (Footnote and punctuation omitted.) *Miller*

*v. State,* 264 Ga. App. 801, 803 (b) (592 SE2d 450) (2003). "[W]hen a defendant attempts such a second appeal, it is improper and should be dismissed." (Footnote omitted.) *Miller v. State,* 277 Ga. 372 (589 SE2d 108) (2003). However, where a defendant can show that the judgment of conviction is a nullity and void, the defendant may properly attack the judgment in appropriate subsequent proceedings. See *Barrett v. State,* 183 Ga. App. 729-730 (1) (360 SE2d 400) (1987), overruled in part on other grounds, *Gonzalez v. Abbott,* 262 Ga. 671, 673 (2) (425 SE2d 272) (1993); cf. OCGA § 17-9-4.

Clark contends that the judgment is void on the ground that the underlying indictment was void. He raises this challenge in a motion to set aside the judgment. Without addressing the question of whether a void indictment necessarily results in a void judgment, we hold that Clark failed to follow the correct procedure for raising the issue of a void indictment. "If the indictment was void *for any reason,* the question should have been raised by demurrer before pleading or by motion in arrest of judgment after conviction." (Punctuation omitted; emphasis in original.) *Williams v. State,* 255 Ga. App. 109, 113 (3) (564 SE2d 518) (2002); see *Strozier v. State,* 277 Ga. 78, 80 (3) (586 SE2d 309) (2003). Where the defendant cites to no evidence that he so properly challenged the indictment, the error is not preserved for appellate review. *Williams,* supra, 255 Ga. App. at 113 (3); see *Strozier,* supra, 277 Ga. at 80 (3); *Sanders v. State,* 258 Ga. App. 16, 19 (2) (572 SE2d 712) (2002).

Clark cites to *Mataluni v. State,* 185 Ga. App. 551 (1) (364 SE2d 911) (1988), as authorizing his motion to set aside. This argument fails under *Abreu v. State,* 206 Ga. App. 361, 363 (2) (425 SE2d 331) (1992), which specifically held that *Mataluni* did not address the issue of the proper procedural vehicle for contesting the purported voidness of an indictment and can therefore not be read to authorize any vehicle other than the recognized avenues of a demurrer or a motion in arrest of judgment.

2. Moreover, even if the issue had been preserved, the indictment was not void. OCGA § 16-13-31 (a) (1) defines the crime of trafficking in cocaine as knowingly possessing "28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine. . . ." Clark was indicted for knowingly possessing "more than 400 grams of a mixture containing 10% or more of cocaine. . . ." The absence of the word "purity" from the indictment does not render the indictment void, as the Supreme Court of Georgia itself has omitted the word when describing the crime prohibited by the statute. See *Gonzalez,* supra, 262 Ga. at 672, n. 3 (the legislature amended OCGA § 16-13-31 (a) (1) "to include a mixture consisting of ten percent or more of cocaine"). We likewise discern no substantive difference between an allegation that one knowingly possessed "any mixture with a purity

of 10 percent or more of cocaine" and an allegation that one knowingly possessed "a mixture containing 10 percent or more of cocaine." They mean the same thing. Accordingly, Clark's argument also fails on the merits.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 17, 2004.

Chester E. Clark, *pro se.*

J. David Miller, *District Attorney*, James L. Prine II, *Assistant District Attorney*, for appellee.