**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 25, 2019**

# In the Court of Appeals of Georgia

A18A1829. STRICKLAND v. THE STATE.

BROWN, Judge.

Antonio Strickland was charged by uniform traffic citation with following too closely in violation of OCGA § 40-6-49. At the close of evidence during his bench trial, Strickland made an oral motion to quash the charge, which the trial court denied. Strickland appeals, contending that the trial court erred in denying his motion to quash the charge because the citation fails to allege the essential elements of the offense. For the reasons explained below, we agree and reverse.

As we have previously explained,

the true test of the sufficiency of an indictment or accusation or citation is not whether it could have been made more definite and certain (or, for that matter, perfect,) but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what

he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

(Citations and punctuation omitted.) *Thomason v. State*, 196 Ga. App. 447, 448 (2) (396 SE2d 79) (1990). In *Jackson v. State*, 301 Ga. 137, 140 (1) (800 SE2d 356) (2017), the Supreme Court of Georgia emphasized that withstanding a general demurrer or motion to quash "requires more than simply alleging the accused violated a certain statute." Thus, a legally sufficient indictment must either "(1) recite the language of the statute that sets out all the elements of the offense charged, or (2) allege the facts necessary to establish violation of a criminal statute." Id. at 141 (1). "[I]f the accused can admit all the indictment or accusation or citation charges and still be innocent of having committed any offense, the indictment or accusation or citation is defective." (Citation and punctuation omitted.) *Thomason*, 196 Ga. App. at 448 (2).

Here, the citation charged Strickland with the offense of "following to[o] close[ly] in violation of code section 40-6-49." OCGA § 40-6-49 provides:

(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

2

(b) The driver of any motor vehicle which is drawing another vehicle when traveling upon a roadway outside of a business or residential district and which is following another motor truck or motor vehicle drawing another vehicle shall, whenever conditions permit, leave sufficient space so that an overtaking vehicle may enter and occupy such space without danger, except that this shall not prevent a motor truck or motor vehicle drawing another vehicle from overtaking and passing any like vehicle or other vehicle.

(c) Motor vehicles being driven upon any roadway outside of a business or residential district in a caravan or motorcade whether or not towing other vehicles shall be so operated as to allow sufficient space between each such vehicle or combination of vehicles so as to enable any other vehicle to enter and occupy such space without danger. This subsection shall not apply to funeral processions, parades, or other groups of vehicles if such groups of vehicles are under the supervision and control of a law enforcement agency.

(d) Vehicles which approach from the rear any other vehicle or vehicles stopped or slowed to make a lawful turn shall be deemed to be following for purposes of this Code section.

(e) This Code section shall not apply to the operator of any non-leading vehicle traveling in a coordinated platoon. For purposes of this subsection, the term "coordinated platoon" means a group of motor vehicles traveling in the same lane utilizing vehicle-to-vehicle communication technology to automatically coordinate the movement of such vehicles.

We conclude that the citation was substantively defective because it simply alleges that Strickland violated a certain statute, which is insufficient to survive a motion to quash. See *Jackson*, 301 Ga. 140 (1). The citation fails to recite the language of

3

OCGA § 40-6-49 setting out all the elements of the offense. The fact that the citation includes the verbiage of "following too closely" — the title of the code section — does not remedy the issue. Cf. *State v. Ware*, 282 Ga. 676, 678 (653 SE2d 21) (2007) ("it is fundamental that the preamble or caption of an act is no part thereof and cannot control the plain meaning of the body of the act") (citation omitted). Likewise, the citation fails to allege any facts necessary to establish a violation of OCGA § 40-6-49. While it indicates an accident occurred, the citation does not provide any details. It is unclear from the citation how the accident occurred, how many vehicles were involved, at what speeds the vehicles were traveling, and the approximate distance between the vehicles. The citation does allege that the weather was "clear," the road was "dry," and the traffic was "medium," but this alone is insufficient to establish that Strickland violated OCGA § 40-6-49. Accordingly, the trial court erred in denying Strickland's motion to quash the citation, and Strickland's conviction is reversed. See *Spence v. State*, 263 Ga. App. 25, 28 (2) (587 SE2d 183) (2003); *Ross v. State*, 235 Ga. App. 7 (508 SE2d 424) (1998).

*Judgment reversed. Miller, P. J., and Goss, J., concur.*