## 32165. McKISIC v. THE STATE.

NICHOLS, Chief Justice.

The defendant was tried and convicted for three counts of armed robbery. He was sentenced to three eight-year terms to run concurrently. His motion for new trial was overruled, and he appeals, enumerating eight errors.

1. The first enumeration of error contends it was error to overrule the demurrer to the indictment alleging vagueness in the description of the property taken in Count 1. The indictment alleged that: "one thousand and five hundred dollars in money and forty-one Republic

money orders, all of the value of $1,500.00" was taken. The defendant contends that since no value was attributed to the money orders, this made the indictment vague and ambiguous.

The indictment should contain sufficient details to enable the defendant to prepare his defense or to submit to the court the question of whether he should be required to answer the charge and to describe the offense so plainly that the nature of the offense charged may be easily understood by the jury.

The crime charged here was armed robbery, and the failure to attribute any value to the money orders taken would not place the defendant in danger of being surprised by the evidence or place him in danger of being prosecuted again for the same offense. *Seabolt v. State,* 234 Ga. 356 (216 SE2d 110) (1975). There is no merit in this enumeration of error.

2. The second enumeration of error contends the trial court erred in a requested recharge of the jury. The jury posed the following question to the court: "The identity of the second security man, the third count has not been established to our collective satisfaction as the man named in the indictment, i.e., Ronnie Holyfield. Is that a crucial part of the issue or are we only to decide whether or not an armed robbery of the second gun occurred?" The court then answered: "In response to that question, I would instruct you that it is not a critical or an essential element, that is, the proof of the person who you have found to be, if you have, a victim of an armed robbery." The jury then retired and returned a verdict of guilty on this count.

The sixth enumeration of error contends that the state failed to establish the identity of Holyfield and the evidence was therefore insufficient to sustain a conviction on Count 3 as alleged in the indictment.

Holyfield did not testify at defendant's trial, but several other employees testified as to the taking of Holyfield's gun while defendant held a pistol on him. Holyfield had been employed only a few days and quit immediately after the robbery, and none of the employees could remember his name. The police officer who investigated the robbery did testify that the second

security guard was Ronnie Holyfield, the person named as the victim in the indictment.

The essential elements of armed robbery are: ". . . when, *with intent to commit a theft, he takes property of another* from the person or the immediate presence of another *by use of an offensive weapon.*" Code Ann. § 26-1902. *Woodall v. State,* 235 Ga. 525, 533 (221 SE2d 794) (1975). Thus, the identity of the person alleged to have been robbed is not an essential element of the crime and need not be proved by direct evidence. *Jester v. State,* 193 Ga. 202 (1) (17 SE2d 736) (1941); *Johnson v. State,* 231 Ga. 138 (1) (200 SE2d 734) (1973); *Peacock v. State,* 231 Ga. 644 (1) (203 SE2d 533) (1974). These enumerations of error are without merit.

3. The third enumeration of error contends the trial court erred in charging on the law applicable to flight, since there was no evidence of flight.

The defendant's identity became known to law enforcement officers on October 30, 1975, less than three weeks after the armed robberies occurred, but he could not be located until June 15, 1976. In *Harris v. State,* 234 Ga. 871, 874 (218 SE2d 583) (1975), this court held: "The charge did not intimate to the jury that flight had been proven but left it to the jury to determine whether there was flight, and, if so, what inference might be drawn therefrom. We find no merit in this enumeration."

4. The fourth and fifth enumerations of error contend that the evidence was insufficient to support the verdict in that the defendant was not sufficiently identified and that his alibi evidence required an acquittal. Contrary to defendant's contention, the identification testimony was more than sufficient and the alibi evidence only created an issue of fact to be resolved by the jury. The jury resolved this issue against the defendant; therefore, there is no merit in these enumerations of error.

5. The seventh enumeration of error contends the trial court erred in considering the presentencing report which contained the record of a previous conviction which had not been made known to defendant prior to trial. The eighth enumeration of error contends that the record did not show whether he was represented by counsel on such

prior conviction.

The prior conviction was not introduced in evidence, but was referred to in a "probation report" only. Counsel did not object to such report or its contents during the sentencing hearing before the judge, and in fact, was the first to refer to such report during the hearing. Any objection to the court considering such report must be deemed waived. Compare *Cofer v. Hopper,* 233 Ga. 155, 156 (210 SE2d 678) (1974); *Bostick v. Ricketts,* 236 Ga. 304, 306 (223 SE2d 686) (1976).

In *Munsford v. State,* 235 Ga. 38, 45 (218 SE2d 792) (1975), it was held: "We hold that the trial court was authorized to consider these reports for the purpose of deciding whether to suspend or probate all or some part of the sentences to be imposed in the case as provided in Code Ann. § 27-2709. Since the transcript does not show these reports were used by the trial judge to increase the length of the sentencing imposed in the case, we find no cause for reversal. The sentences given were well below the 20-year maximum sentence which could have been imposed in the case and no resulting prejudice to the appellant is shown by the consideration which the trial judge gave to these pre-sentence reports." There is no merit in these enumerations of error.

*Judgment affirmed. Undercofler, P. J., Jordan, Ingram, Hall and Hill, JJ., concur.*

ARGUED APRIL 1, 1977 — DECIDED APRIL 20, 1977.

*Henry C. Ross,* for appellant.

*Lewis R. Slaton, District Attorney, R. David Petersen, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.