## A89A1264. HARRISON v. THE STATE.
(385 SE2d 774)

Banke, Presiding Judge.

The appellant brings this appeal from the denial of his motion for new trial following his conviction of armed robbery. *Held:*

1. It is contended that there was a fatal variance between the indictment and the proof in that the indictment alleged a robbery of Phil Stephenson, the owner of the service station where the robbery occurred, whereas the evidence established that the victim had been Randy Hicks, an employee of the service station. The state does not dispute that Hicks and Stephenson are two different individuals but

contends that the variance cannot be considered fatal in view of the Georgia Supreme Court's holding in *McKisic v. State*, 238 Ga. 644 (2), 646 (234 SE2d 908) (1977), that "the identity of the person alleged to have been robbed is not an essential element of the crime [of armed robbery] and need not be proved by direct evidence."

We do not find *McKisic* to be controlling under the circumstances of the present case, inasmuch as it did not involve a situation in which the person robbed was shown to have been someone other than the person identified as the victim in the indictment. The armed robbery victim in *McKisic* was a security guard who had been employed at the location where the robbery occurred for only a few days and who quit immediately following the robbery. He was not available to testify at trial, and none of his former co-employees who had witnessed the robbery could remember his name. However, a police investigator identified him as Ronny Hollifield, which was the name alleged in the indictment. The Supreme Court concluded that under these circumstances the material allegations of the indictment had been proven.

The general test for determining whether a variance between the allegations and the proof is fatal is as follows: " 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' [Cits. omitted.] *Berger v. United States*, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314)." *DePalma v. State*, 225 Ga. 465, 469-70 (169 SE2d 801) (1969). Even, under this test, however, it has been held that " 'no averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed).' " *Walker v. State*, 146 Ga. App. 237 (1), 242 (246 SE2d 206) (1978).

In cases such as the present one, where a variance exists between the victim's name as alleged in the indictment and as proven at trial, it has generally been held that the variance is not fatal if the two names in fact refer to the same individual, such as where a mere misnomer is involved or where the variance is attributable to the use of a nickname or alias by the victim. See *Wilson v. State*, 67 Ga. App. 404 (20 SE2d 433) (1942) (where it was held that the appellant's indictment for the murder of "Clayburn Blash" was not fatally at variance with evidence identifying the victim as "Cleveland Blash"); *Bland v. State*, 182 Ga App. 626 (356 SE2d 704) (1987) (holding that an indictment alleging the commission of certain offenses against the person and property of "Blossom Henderson" was not fatally at variance with evidence identifying the victim as "Daisy M. Henderson," where

a rational trier of fact could have determined beyond a reasonable doubt that the two names referred to the same person). Cf. Anno: Homicide: Identification of Victim as Person Named in Indictment or Information, 86 ALR2d 722.

It is apparent without dispute from the evidence in the present case that the person identified as the victim in the indictment was not in fact the person against whom the robbery was committed, and the state has suggested no reason why this error could not have been corrected prior to trial. Being aware of no decision from any state or federal appellate court in the nation upholding a conviction of a crime of personal violence under such circumstances, we hold that the variance was fatal and that the trial court consequently erred in denying the appellant's motion for new trial.

2. The appellant's remaining enumerations of error are rendered moot by the foregoing.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 5, 1989.

*Harriss, Hartman, Aaron & Townley, Amy E. Abernathy,* for appellant.

*Ralph Van Pelt, Jr., District Attorney, Scott K. Camp, Assistant District Attorney,* for appellee.