### A90A1960. HARRIS v. THE STATE.
(398 SE2d 284)

BANKE, Presiding Judge.

Based on a series of transactions which occurred on the premises of three separate fast-food restaurants during the early morning hours of December 29, 1987, the appellant was convicted of eight counts of kidnapping, five counts of armed robbery, and two counts of aggravated assault upon a police officer. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the evidence was insufficient to support his convictions on one of the kidnapping counts and two of the armed robbery counts because the person who was alleged to have been the victim of those three offenses did not testify. The appellant was positively identified at trial by the victims of each of the remaining offenses of which he was convicted; and there was testimony that he had made a statement while in police custody admitting some, though not all, of the conduct for which he was on trial. There was also evidence that at the time of his arrest he was in possession of the pistol used in the commission of the aggravated assaults, as well as a briefcase containing receipts and deposit slips stolen from one of the restaurants.

The victim who did not testify was identified in the indictment as Leonard Francis. As previously indicated, the appellant was alleged to have kidnapped this individual once and to have robbed him twice, taking "a leather briefcase and miscellaneous personal items" belonging to him in one of the robberies and approximately $900 belonging to Burger King Corporation (which owned the restaurant where the offenses at issue allegedly occurred) in the other. During the trial, two employees of this Burger King testified that they had witnessed the appellant force their manager at gunpoint to place the receipts from the restaurant inside his (the manager's) briefcase; and the briefcase found in the appellant's possession at the time of his arrest was identified as being that briefcase. A third eyewitness, the assistant manager of another Burger King, which had been the site of most of the other offenses for which the appellant was on trial, corroborated the testimony of these two employees. All three of these witnesses referred to the Burger King manager simply as "Leonard," without revealing his last name. However, there was apparently some indication at trial that his last name was in fact Francois rather than, as alleged in the indictment, Francis.

"[A] variance between the victim's name as alleged in the indict-

ment and as proven at trial . . . is not fatal if the two names in fact refer to the same individual, such as where a mere misnomer is involved. . . ." *Harrison v. State,* 192 Ga. App. 690, 691 (385 SE2d 774) (1989). Indeed, in *McKisic v. State,* 238 Ga. 644 (2), 646 (234 SE2d 908) (1977), the Supreme Court held that "the identity of the person alleged to have been robbed is not an essential element of the crime [of armed robbery] and need not be proved by direct evidence." The evidence in this case was amply sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the Leonard Francis referred to in the indictment was in fact the victim identified as Leonard during the trial of the case. Accord *Jackson v. State,* 158 Ga. App. 702 (2) (282 SE2d 181) (1981). See also *Collier v. State,* 157 Ga. App. 109, 110 (2) (276 SE2d 262) (1981). However, it is clear that the appellant did not commit two separate armed robberies against this individual but rather committed a single armed robbery in which property belonging both to him and to the restaurant was taken. "Robbery is a crime against possession, and is not affected by concepts of ownership. Similarly, one may only rob a person, and not a corporate entity, or an object such as a cash drawer. [Cit.]" *Creecy v. State,* 235 Ga. 542 (5), 544 (221 SE2d 17) (1975). Accordingly, the case is remanded to the trial court with direction to strike one or the other of these two armed robbery convictions.

2. The appellant enumerates as error the admission of testimony concerning statements he had made to a police officer following his arrest, contending that the evidence at the *Jackson v. Denno* hearing established without dispute that he had advised the officer before making the statements "that he wanted to make no further statements until he had consulted with an attorney." However, the officer, who was the only witness to testify at the hearing, testified that after being advised of his *Miranda* rights and after affirmatively acknowledging that he understood those rights, the appellant had told him that "he was willing to talk about the incident with me, but he did not want to put it on paper" until he had talked with an attorney. After the evidence concerning his in-custody statement had been admitted, the appellant testified before the jury and at that time denied having made any of the statements attributed to him by the officer, insisting that he had refused to talk at all without an attorney present.

In *Connecticut v. Barrett,* 479 U. S. 523, 529 (107 SC 828, 93 LE2d 920) (1987), the United States Supreme Court held that where an accused, after being advised of his *Miranda* rights, advises the police that he is unwilling to make a *written* statement without an attorney but that he *is* willing to make an *oral* statement, the police are not constitutionally required to discontinue their questioning of him, and his federal constitutional rights are not violated by the introduc-

tion of evidence concerning oral admissions voluntarily made by him during such continued questioning. Accord *Pitts v. State*, 259 Ga. 745, 748 (386 SE2d 351) (1989). Accordingly, this enumeration of error is without merit.

3. Responding to a request by the appellant for a charge on the consideration to be given evidence of good character, the trial judge gave the pattern charge on that issue set forth in the Suggested Pattern Jury Instructions prepared by the Council of Superior Court Judges of Georgia. (Vol. II., Criminal Cases, p. 46, Nov. 1986 Rev.) The appellant contends on appeal that the following portion of this charge was unconstitutionally burden shifting: "It is the duty of the jury to take any evidence of general good character, along with the other evidence in the case, and if in doing so, the jury should entertain reasonable doubt as to the guilt of the defendant, they should acquit." Being unable to understand how, in the context of the appellant's request for a charge on the issue of good character, this language could possibly be considered burden shifting, we find this enumeration of error also to be without merit.

4. The appellant contends that the trial court erred in refusing to charge on false imprisonment as a lesser offense included in kidnapping. However, an examination of the transcript reveals that the court in fact gave such a charge. Therefore, this enumeration of error presents nothing for review.

*Judgment affirmed with direction. Birdsong and Cooper, JJ., concur.*

DECIDED NOVEMBER 21, 1990.

*John H. Tarpley*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.