A91A2021. GENTRY v. THE STATE.
(414 SE2d 696)

McMURRAY, Presiding Judge.

Via indictment, defendant was accused of theft by deception in violation of OCGA § 16-8-3. More specifically, the indictment charged that "on or about [the] 18th day of July, 1986," defendant "did unlawfully . . . obtain United States currency in the amount of $30,010.00, the property of the Peoples Bank of Bartow County, with the intent to deprive the owner of said currency by deceitful means and artful practice, to wit: the accused did intentionally create and confirm the impression to Ronnie Austin, an authorized loan officer for said currency owner, that the accused was the present and only existing owner of a 1983 model Caterpillar crawler and loader, which the accused knew to be a false fact, and by said false representation to said loan officer, was able to obtain the aforestated currency from said owner by means of a commercial loan, using the Caterpillar crawler and loader as ·collateral for and in order to obtain said loan and currency. . . ."

Following a trial upon the indictment, the jury found the defendant to be "guilty." Defendant's motion for new trial was denied and he appeals.

Evidence was adduced at trial demonstrating that defendant owned and operated a motorcycle dealership in Bartow County; that upon purchasing the business, defendant established a banking relationship with the Peoples Bank of Bartow County; and that over a period of several months, defendant borrowed money from the bank four times:

First, on May 28, 1986, defendant borrowed $30,010. That loan was secured by three certificates of deposit totalling $30,000. Defendant borrowed an additional $25,000 the same day. That loan was un-

secured.

On July 18, 1986, defendant again borrowed $30,010. That loan was secured by a forklift, a gooseneck trailer, a tractor, a wheel balancer and other equipment at defendant's place of business. Finally, defendant borrowed another $25,010 on August 22, 1986. That loan was secured by a Caterpillar crawler and loader.

In sum, the evidence demonstrated unequivocally that defendant did not put up the Caterpillar crawler/loader as collateral in connection with the first three loans. It was only in connection with the last $25,010 loan made on August 22, 1986, that defendant pledged the Caterpillar crawler and loader as security.

In view of the discrepancy between the indictment and the proof, defendant claims a fatal variance between the allegata and probata. We find this claim to be meritorious.

"The general test for determining whether a variance between the allegations and the proof is fatal is as follows: ' "The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense." (Cits. omitted.) *Berger v. United States*, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314).' *DePalma v. State*, 225 Ga. 465, 469-70 (169 SE2d 801) (1969). Even under this test, however, it has been held that ' "no averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed." ' *Walker v. State*, 146 Ga. App. 237 (1), 242 (246 SE2d 206) (1978)." *Harrison v. State*, 192 Ga. App. 690 (1), 691 (385 SE2d 774).

We have no hesitation in concluding that the variance between the indictment and the proof was fatal. The first prong of the general test outlined in *DePalma* is wanting. In no way can it be said that the indictment "definitely informed" defendant of the charges against him. (Was defendant to have prepared a defense regarding the August 22, 1986, loan for $25,010 in which the Caterpillar crawler and loader was pledged, or the July 18, 1986, loan for $30,010 described in the indictment?)

The second prong of the general test outlined in *DePalma* fails too. The indictment mistakenly combined the elements (date, amount and collateral) of several different loan transactions. Simply put, it is too much of a mishmash to permit anyone to ascertain the basis of defendant's conviction. (Was defendant convicted of theft by deception with regard to the August 22, 1986, loan for $25,010 in which the Caterpillar crawler and loader was pledged, or the July 18, 1986 loan for $30,010 described in the indictment?)

We would rule differently, perhaps, if the indictment only mistakenly described the date of the transaction. See *Melton v. State*, 174 Ga. App. 461, 462 (330 SE2d 398); *Mathis v. State*, 155 Ga. App. 655, 657 (3) (272 SE2d 520). The indictment went further, however, and described the transaction by a dollar amount. The amount described, $30,010, does not pertain to the transaction involving the Caterpillar crawler and loader. On the contrary, it accurately pertains to the transaction which took place on July 18, 1986, the date alleged in the indictment. (It also pertains, confusingly enough, to the first loan transaction.)

"It is apparent without dispute . . . [that the evidence presented at trial did not comport with the allegations in the indictment], and the state has suggested no reason why this error could not have been corrected prior to trial. Being aware of no decision from any state or federal appellate court in the nation upholding a conviction of a crime of [theft by deception] under such circumstances, we hold that the variance was fatal and that the trial court consequently erred in denying the [defendant's] motion for new trial." *Harrison v. State*, 192 Ga. App. 690 (1), 692, supra.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JANUARY 9, 1992.

*Awtrey & Parker, J. Lynn Rainey*, for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.