## A92A2416. GENTRY v. THE STATE.
(426 SE2d 52)

McMurray, Presiding Judge.

This case first appeared in *Gentry v. State*, 202 Ga. App. 465 (414 SE2d 696), where defendant's conviction for theft by deception was reversed because the State failed to prove that defendant committed theft by deception as alleged in the indictment, i.e., "that 'on or about (the) 18th day of July, 1986,' defendant 'did unlawfully . . . obtain United States currency in the amount of $30,010.00, the property of the Peoples Bank of Bartow County, with the intent to deprive the owner of said currency by deceitful means and artful practice, to wit: the accused did intentionally create and confirm the impression to Ronnie Austin, an authorized loan officer for said currency owner, that the accused was the present and only existing owner of a 1983 model Caterpillar crawler and loader, which the accused knew to be a false fact, and by said false representation to said loan officer, was able to obtain the aforestated currency from said owner by means of a commercial loan, using the Caterpillar crawler and loader as collateral for and in order to obtain said loan and currency. . . .' " Id. More specifically, the State presented no evidence showing that defendant fraudulently induced the bank to loan him $30,010 on July 18, 1986. Instead, the State presented evidence that the bank entered into four separate loan transactions with defendant between May 28, 1986, and August 22, 1986, a properly secured $30,010 loan on May 28, 1986, a properly secured $30,010 loan on July 18, 1986, an unsecured $25,000 loan on May 28, 1986, and a $25,010 loan which was purportedly secured by a Caterpillar crawler and loader. The State also presented evidence that defendant duped a loan officer into believing that the front end loader belonged to defendant when, in fact, it did not.

Upon remand, the State indicted defendant for theft by deception and alleged that "on or about the 22nd day of August, 1986, [defendant] did unlawfully . . . obtain United States currency in the amount of $25,010.00, the property of the Peoples Bank of Bartow County, with the intent to deprive the owner of said currency by deceitful means and artful practice, to wit: the accused did intentionally create and confirm the impression to Ronnie Austin, an authorized loan officer for said currency owner, that the accused was the present owner of a 1983 model Caterpillar crawler and loader, which the accused knew to be a false fact, and by said false representation to said loan officer, was able to obtain the aforestated currency from said owner by means of a commercial loan, using the Caterpillar crawler and loader as collateral for and in order to obtain said loan and currency. . . ." Defendant filed a plea in bar, arguing that his prosecution for theft by deception is barred by state and federal double jeop-

ardy provisions. This appeal followed the denial of defendant's plea in bar. *Held*:

1. Once it is determined that the State's evidence is legally insufficient, retrial for the same crime based upon the same material facts is barred. OCGA § 16-1-8 (a) (1), (d) (2). Further, if "several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ." OCGA § 16-1-7 (b). Failure to prosecute a crime of which the accused should have been charged in a former prosecution bars subsequent prosecution if the accused could have earlier been convicted of the crime. OCGA § 16-1-8 (b) (1).

In the case sub judice, it is apparent that the charge of theft by deception, which defendant is now defending, is either based on the same conduct which forms the basis of defendant's earlier prosecution for theft by deception or is based on conduct stemming from the same transaction which formed the basis of defendant's earlier prosecution.[1] In either case, defendant's current prosecution for theft by deception is barred.

In *Gentry v. State*, 202 Ga. App. 465, supra, this Court held that the State failed to prove the crime of theft by deception as alleged in the first indictment. Consequently, if the crime charged in the case sub judice is based on the same conduct which forms the basis of the crime charged in *Gentry v. State*, 202 Ga. App. 465, supra, then defendant's retrial for theft by deception is barred by OCGA § 16-1-8 (a) (1), (d) (2). On the other hand, if the charge of theft by deception, which defendant is now defending, arose out of the conduct which forms the basis of defendant's earlier prosecution for theft by deception, then the State's attorney was then required to prosecute defendant for the crime which he is now defending. OCGA § 16-1-7 (b). The State's failure to do so bars further prosecution of defendant for any crime stemming from the commercial loan transactions between defendant and the Peoples Bank of Bartow County between May 28, 1986, and August 22, 1986. OCGA § 16-1-8 (b) (1); *Marchman v. State*, 234 Ga. 40 (215 SE2d 467). Consequently, the trial court erred in denying defendant's plea in bar.

2. It is unnecessary to address defendant's remaining enumeration in light of the holding in Division 1 of this opinion.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

---

[1] The trial transcript in *Gentry v. State*, 202 Ga. App. 465, supra, reveals that the State's attorney knew or should have known before trial that either the earlier indictment was defectively drawn or that the crime charged in the case sub judice stemmed from the same conduct as the crime charged in the earlier indictment.

DECIDED NOVEMBER 25, 1992.

*Awtrey & Parker, J. Lynn Rainey,* for appellant.
· *Darrell E. Wilson, District Attorney, Mickey R. Thacker, Sharon M. Fox, Assistant District Attorneys,* for appellee.