A93A0197. FARMER v. THE STATE.
(430 SE2d 397)

BEASLEY, Presiding Judge.

Sandra Farmer was convicted of theft by deception. OCGA § 16-8-3. Her motion for a new trial was denied and she appeals.

1. Farmer contends the trial court erred by denying her motion for a directed verdict of acquittal because a fatal variance existed between the allegations of the indictment and the proof at trial.

The indictment alleged that between March 1, 1991, and November 25, 1991, with the intent of depriving the victim of the property by deceitful means and artful practice, Farmer unlawfully obtained property and funds with a value of greater than $500 from the elderly victim "by telling [the victim] that she needed money to help a sick friend . . . which she knew to be false." Farmer argues that although the evidence may have shown a deceitful scheme to deprive the victim of money, the State failed to prove that she told the victim the money

was for a sick friend.

Not every variance between the allegata and probata is fatal, but no averment in an indictment may be rejected as surplusage that is descriptive either of the offense or the manner in which it was committed. *Walker v. State,* 146 Ga. App. 237, 242 (246 SE2d 206) (1978). Accord *Harrison v. State,* 192 Ga. App. 690, 691 (385 SE2d 774) (1989). Because the specific allegation in issue refers to the manner in which the offense was committed, a variance would be fatal.

The trial transcript shows that evidence was adduced that Farmer told the victim she needed to borrow money to pay medical bills and other expenses after she and a friend were in an automobile accident. The victim also loaned Farmer money to buy a car, and wired funds to her in Las Vegas when she called him from there and asked him for money. Over a period of about a year and a half the victim periodically lent Farmer sums between $200 and several thousand dollars at her request, depleting his entire life savings. Farmer told him that she had retained attorney Bobby Lee Cook to represent her in litigation concerning the accident; that she would eventually receive a large settlement; and that Cook would repay him out of the settlement. Cook testified at trial that he had never met Farmer and that she was not a client.

As noted by Farmer, the victim testified on direct examination that he "couldn't say" whether Farmer had asked him for money for her own medical bills or those of a friend. However, the victim testified further as to this matter on cross-examination: "Q: You don't know Maria Chastain, and you didn't give her any of this money? A: No. Q: You didn't ever do that? A: No. This woman had a wreck, and I don't know who the woman was. Q: It might have been Maria Chastain? A: What? Q: It might have been Maria Chastain that was in the wreck? A: I don't know who the woman was that had the wreck. She [Farmer] said it was a friend of hers I believe is what she told me." Maria Chastain's subsequent testimony indicated that she was a friend of Farmer's.

"In arriving at a verdict, the jury, from facts proved . . . may infer the existence of other facts reasonably and logically consequent on those proved." OCGA § 24-4-9. The jury could draw a reasonable inference from this testimony that Farmer told the victim she needed money to pay medical bills *for the friend who had been in the accident with her.* Since the allegation in the indictment was proved, no variance exists. Compare *Gentry v. State,* 202 Ga. App. 465 (414 SE2d 696) (1992).

Because no variance existed, we need not address Farmer's argument, based on the second prong of the test set forth in *DePalma v. State,* 225 Ga. 465, 469-470 (3) (169 SE2d 801) (1969), that she was not adequately informed of the State's case and was unfairly sur-

prised at the discrepancy between the allegation in the indictment and the proof at trial.

2. Farmer contends that the trial court erroneously admitted into evidence her taped in-custody statement because, in the statement, Farmer referred to a prior conviction for which she was then making restitution. Farmer argues that this reference was irrelevant and prejudicial because it improperly placed her character in issue. See *Robinson v. State*, 192 Ga. App. 32 (383 SE2d 593) (1989). The *Robinson* statement is distinguishable because it contained an explicit confession of prior crimes. In Farmer's statement she said only: "all I wanted to do was pay him his money back like I've been paying on this other thing that happened a year ago. I . . . got saved in church and I want to do what's right." No prior offense or conviction was referenced, the word "restitution" was not mentioned, her character was not placed in issue, and the statement was not prejudicial.

Farmer also argues that the statement was inadmissible because she had not been given, ten days prior to trial as required by OCGA § 17-7-210, a copy of the waiver of counsel form she signed before making the statement. This document was not admitted into evidence, and this form is not encompassed within that statute. *Dean v. State*, 168 Ga. App. 172, 173-174 (2) (308 SE2d 434) (1983).

3. Farmer maintains that the trial court erred by failing to charge on OCGA § 16-8-3 (b) (5), as requested. That subsection of the theft by deception statute provides, in pertinent part: "A person deceives if he intentionally: . . . Promises performance of services which he does not intend to perform or knows will not be performed." It is not applicable here. *Banton v. State*, 57 Ga. App. 173, 174 (194 SE 827) (1938) (subsection (5) refers to obtaining money under a definite contract for services). A charge request is properly refused if not authorized or adjusted to the evidence. *Hayes v. State*, 193 Ga. App. 33, 37 (8) (387 SE2d 139) (1989).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

. DECIDED MARCH 18, 1993 —
RECONSIDERATION DENIED MARCH 29, 1993 ▮

*Hine, Carroll & Niedrach, Paul T. Carroll III*, for appellant.
*Stephen F. Lanier, District Attorney, Tambra P. Colston, Assistant District Attorney*, for appellee.