### A00A2130. PARKS v. THE STATE.
(543 SE2d 39)

BLACKBURN, Presiding Judge.

Robert Lee Parks appeals his convictions of two counts of robbery, contending that a fatal variance existed between the allegations of the indictment and the evidence produced at trial. For the reasons set forth below, Parks' convictions are affirmed.

Parks' enumeration of error is set forth as follows:

Whether defense counsel's failure to object to the inconsistencies in naming the victim as well as the date of the alleged crime accurately in the state's indictment of the defendant on Count [2] was sufficient to prejudice the defendant's ability to defend himself on said charges, thereby aiding in his conviction on that charge.

1. Parks contends that a misnomer in the indictment regarding the name of the victim and a variance between the indictment and the evidence regarding the date of the robbery render the indictment void. Parks argues that, although his trial counsel failed to object to

the alleged errors in the indictment, the errors were so significant as to render it void even without proper objection. As an initial matter, Parks has waived his right to make this argument on appeal.

> If the [indictment was] void *for any reason*, the question should have been raised by demurrer before pleading to the merits, or by motion in arrest of judgment after conviction. No demurrers or motions in arrest of judgment were filed by [Parks]. The issue of the purported voidness of certain counts of the indictments was first raised in [Parks'] motions for new trial. Under controlling Supreme Court authority, [Parks' motion] for new trial cannot be considered to be a viable procedural substitute for [a motion] in arrest of judgment.

(Citations and punctuation omitted; emphasis in original.) *Abreu v. State*.[1] Parks' appellate counsel argued his motion for new trial. Therefore, Parks has failed to preserve any error alleging that the indictment was void. "A motion for new trial is not a proper vehicle for raising questions as to the legal sufficiency of an accusation." *Carr v. State*.[2]

Moreover, even if Parks' argument were preserved for our review, the alleged errors would not require reversal. The indictment alleged that Parks, with the intent to commit theft, took Hometown Foods' money from the immediate presence of Tina Parham. At trial, Tina Strickland Fuller testified that while she was working as cashier at Hometown Foods, Parks took money from the cash register. We have previously held that the misnomer of the victim in the indictment is not a fatal error. "A variance between the victim's name as alleged in the indictment and as proven at trial is not fatal if the two names in fact refer to the same individual, such as where a mere misnomer is involved." (Punctuation omitted.) *Harris v. State*.[3] The Supreme Court of Georgia has held that "the identity of the person alleged to have been robbed is not an essential element of the crime." *McKisic v. State*.[4]

Additionally, Parks contends that a variance exists between the date alleged in the indictment and the evidence at trial on that issue. However, Parks failed to raise any issue regarding the date alleged in the indictment and the evidence at trial in his motion for new trial. Moreover, our review of the evidence at trial regarding the date

---

[1] *Abreu v. State*, 206 Ga. App. 361, 363 (2) (425 SE2d 331) (1992).
[2] *Carr v. State*, 184 Ga. App. 889, 890 (363 SE2d 319) (1987).
[3] *Harris v. State*, 197 Ga. App. 695-696 (399 SE2d 284) (1990).
[4] *McKisic v. State*, 238 Ga. 644, 646 (2) (234 SE2d 908) (1977).

of the robbery did not reveal any conflict with the allegation in the indictment. Even if a conflict existed, "[e]vidence of guilt of an accused is not restricted to the day mentioned in the indictment, but may extend to any appropriate date previous to the finding in the indictment, and within the statute of limitation for the prosecution of the offense charged." (Punctuation omitted.) *Knight v. State.*[5] The exact date of the crime alleged in the indictment was not a material element in this case, and Parks did not offer any defense which would have made the date of the crime a material element, such as alibi. See *Caldwell v. State.*[6]

2. To the extent that Parks' enumeration of error could be read to assert an ineffective assistance of trial counsel claim, he does not argue such a claim in his brief, and none was raised in the trial court. In his brief, Parks states that his trial counsel failed to object to the form and substance of the indictment and that he relied on his trial counsel to protect his rights. Parks does not argue, however, that his trial counsel's representation was ineffective; he argues only that the indictment was void. Additionally, although Parks' appellate counsel represented Parks during the hearing on his motion for new trial, appellate counsel did not argue that trial counsel had been ineffective.

> An ineffectiveness claim must be asserted at the earliest practicable moment and before appeal when the opportunity to raise such claim is available. The failure to do so results in a waiver of that issue. Here, new counsel was appointed in time to file a timely notice of appeal but did so without first . . . seeking an evidentiary hearing on any claim of ineffective assistance of trial counsel. As a consequence, this claim is procedurally foreclosed.

(Footnotes omitted.) *Grimes v. State.*[7] And finally, because we found in Division 1 that there were no fatal errors in the indictment, any enumeration raising ineffective assistance of trial counsel due to such counsel's failure to object to the indictment would be meritless.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 27, 2000.

*Jon P. Carr,* for appellant.

---

[5] *Knight v. State,* 210 Ga. App. 63, 65 (2) (435 SE2d 276) (1993).
[6] *Caldwell v. State,* 139 Ga. App. 279, 281 (2) (228 SE2d 219) (1976).
[7] *Grimes v. State,* 245 Ga. App. 277, 279 (3) (537 SE2d 720) (2000).

*Fredric D. Bright, District Attorney, Richard M. Gailey, Jr., Assistant District Attorney*, for appellee.