A01A0890. MOONEY v. THE STATE.
(550 SE2d 421)

PHIPPS, Judge.

A jury found Douglas Mooney guilty of two counts of forgery. On appeal, he argues that the State named the wrong victim in the accusation, resulting in a fatal variance. Because Mooney failed to raise this challenge in a timely manner and because the variance was merely a misnomer, we affirm.

The relevant counts of the accusation charged Mooney with forgery by knowingly making two checks that were drawn on the account of "the Bonnell Group, Inc." and purportedly signed by Clint Williams, "but the signature thereon was not his and not signed with his or the Bonnell Group, Inc.'s authority." The accusation specified that the checks were numbered 2388 and 2389 and were in the amounts of $366 and $345, respectively.

The evidence at trial showed that Mooney and a co-defendant went to the drive-up window at a Newnan bank and presented a check numbered 2389 in the amount of $345 drawn on the account of "The Bonnett Group, Inc." and made payable to Keith Peters. After cashing the check, the teller notified the police because the men were acting suspiciously and because the name "Keith Peters" recently had appeared on other stolen checks. The police stopped the men's car and saw Mooney, who was in the passenger seat, shoving papers inside the door panel of the car. A search of the door panel revealed a

---

check numbered 2388 in the amount of $366 drawn on the account of "The Bonnett Group, Inc." and made payable to Carl Tucker. The president of the Bonnett Group later identified the checks as some that had been stolen from his company. He testified that no one from his company had signed them or authorized anyone else to sign them. The jury found Mooney guilty of forgery in the first degree with respect to check number 2389 and forgery in the second degree with respect to check number 2388.

Mooney contends that the accusation listed the wrong victim — "the Bonne*ll* Group, Inc." instead of "the Bonne*tt* Group, Inc." — and that this discrepancy is reversible error. Mooney raised this issue for the first time in a motion for directed verdict at trial. However, a contention that an accusation improperly identifies the victim is a challenge to the form of the accusation,[1] and such challenges must be made before trial.[2] Thus, Mooney has waived his challenge.[3]

But even if the challenge had been timely made, we would reject it because the variance in this case was not fatal. We have held that "a variance . . . between the victim's name as alleged in the indictment and as proven at trial . . . is not fatal if the two names in fact refer to the same individual, such as where a mere misnomer is involved or where the variance is attributable to the use of a nickname or alias by the victim."[4] Here, although Mooney argues that there is a business in Newnan known as the Bonnell Company, nothing in the record indicates that the accusation's reference to the "Bonnell Group" was anything other than a misnomer.[5] Moreover, Mooney has failed to show that he was confused to his prejudice by the misnomer. The accusation provided ample specific information — including the date of the alleged offense and the numbers and amounts of the checks in question — to apprise Mooney of the crimes with which he was charged. This specificity also was sufficient to ensure that Mooney could not be prosecuted again for the same offense.[6]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

---

[1] See *Dennard v. State*, 243 Ga. App. 868, 876-877 (2) (534 SE2d 182) (2000).

[2] OCGA § 17-7-113.

[3] See *McKay v. State*, 234 Ga. App. 556, 558-559 (2) (507 SE2d 484) (1998).

[4] *Cockrell v. State*, 248 Ga. App. 359, 362 (2) (545 SE2d 600) (2001), quoting *Harrison v. State*, 192 Ga. App. 690, 691 (1) (385 SE2d 774) (1989); see also *Parks v. State*, 246 Ga. App. 888, 889 (1) (543 SE2d 39) (2000); *Harris v. State*, 197 Ga. App. 695-696 (1) (399 SE2d 284) (1990).

[5] Compare *Harrison*, supra at 692 (1) (fatal variance existed where indictment alleged that defendant robbed owner of service station, but evidence established that victim was actually an employee; hence "[i]t is apparent without dispute . . . that the person identified as the victim in the indictment was not in fact the person against whom the robbery was committed").

[6] See *Cockrell*, supra.

DECIDED JUNE 7, 2001.

*Sanders, Haugen & Sears, Walter S. Haugen,* for appellant.
*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney,* for appellee.