## A05A0075. GORE v. THE STATE.
(611 SE2d 764)

MILLER, Judge.

Jamel Gore appeals from a conviction for voluntary manslaughter on the grounds that the evidence was insufficient to support the verdict, that he was denied effective assistance of counsel, and that the trial court erred in its handling of various motions in limine and in its failure to charge the jury on involuntary manslaughter. We find no error and affirm.

1. Gore argues that the evidence was insufficient to support the verdict on voluntary manslaughter. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, an eyewitness testified that he saw Gore shoot the victim in the head without provocation. There was also testimony that Gore had gone to the victim's apartment with a gun to settle a debt. This evidence was more than sufficient to support a conviction for voluntary manslaughter. See *Green v. State*, 267 Ga. 847, 847-848 (483 SE2d 588) (1997) (eyewitness testimony sufficient to affirm murder conviction); *Thompkins v. State*, 180 Ga. App. 473, 474 (1) (349 SE2d 768) (1986) (where evidence demands murder verdict, jury instructed on voluntary manslaughter may find defendant guilty on the lesser charge); *State v. Clay*, 249 Ga. 250, 251 (1) (290 SE2d 84) (1982) (where evidence supports murder conviction, defendant who requests charge on and is convicted of voluntary manslaughter cannot successfully argue that evidence was insufficient).

2. Gore also asserts that he was denied effective assistance of counsel. He has failed to provide any citations to either the law or the record, let alone an application of authority to that record amounting to legal argument, in support of this assertion. We therefore deem the issue abandoned on appeal. See Court of Appeals Rule 27 (c) (3) (i); *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000).

Though we need not do so, we have also reviewed the record, including the transcript of the hearing on Gore's motion for new trial. Counsel's uncontradicted testimony was that (1) she had eleven years of experience as a public defender, including prior murder cases; (2) she met with her client more than five times over a period of months before the trial; (3) her theory of a combination of accident and self-defense was based on Gore's own version of events; and (4) she

had been unable to locate an additional witness, but did not need this witness to try the case effectively. There was no ineffective assistance here. See *Turner v. State*, 245 Ga. App. 294, 295-296 (4) (536 SE2d 814) (2000).

3. Gore next argues that the trial court erred when it granted the State's motion in limine to exclude evidence that the victim had cocaine in his system at the time of the shooting. At that hearing, the trial court instructed defense counsel to alert the court before introducing evidence of the victim's cocaine use at trial, and suggested that such evidence would be admitted only if Gore could show that the cocaine had affected the victim's behavior. See *Daniels v. State*, 276 Ga. 632, 633 (2) (580 SE2d 221) (2003). Gore never attempted to introduce such evidence at trial, however. Thus his claim is without merit. See *Frazier v. State*, 252 Ga. App. 627, 632 (6) (557 SE2d 12) (2001).

4. Gore also asserts that the trial court improperly denied his motion in limine to exclude evidence that he had talked about using a gun to collect money from a person other than the victim a week before the shooting, since the indictment did not charge Gore with robbery. Even assuming that this evidence was admitted in error, however, its admission was harmless, since the evidence of Gore's guilt was overwhelming. See *Sorrells v. State*, 267 Ga. 236, 239-240 (5) (476 SE2d 571) (1996).

5. In his final enumeration, Gore argues that the trial court erred when it refused his requested jury charge on unlawful-act involuntary manslaughter. Gore testified that the gun went off while he was defending himself. This testimony gives rise only to theories of self-defense and accident, both of which the jury considered and rejected. One witness testified that Gore struck the victim with the barrel of the gun, which went off, killing him. This witness's theory presumes that Gore was committing a felony, since the act of striking the victim with a loaded gun amounted to aggravated assault. See OCGA § 16-5-21 (a) (2) (aggravated assault involves use of a deadly weapon "which, when used offensively against a person, is likely to *or actually does* result in serious bodily injury") (emphasis supplied). Thus Gore was not entitled to a charge on misdemeanor-grade involuntary manslaughter. *Williams v. State*, 249 Ga. 6, 8-9 (4) (287 SE2d 31) (1982); see OCGA § 16-5-3 (a).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 11, 2005.

*Elliott A. Shoenthal*, for appellant.

*Jeffrey H. Brickman, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.