## A07A2234. THE STATE v. JACKSON.
### (659 SE2d 679)

SMITH, Presiding Judge.

The State appeals from the trial court's order granting Keonete Jackson's plea in bar and plea of former jeopardy in this burglary case. The State contends that its subsequent indictment of Jackson was not barred by its earlier nolle prosequi of its first indictment, which occurred after the State discovered a fatal variance between the indictment and the facts it presented at trial. For the reasons set forth below, we affirm.

The record shows that the State charged Jackson with one count of burglary as part of a multi-count indictment against several individuals. During trial, and after the jury was sworn and witnesses had testified, the prosecuting attorney realized that the evidence presented against Jackson did not conform to the indictment because it showed a different residence, date, and accomplice than the offense alleged in the indictment. Over the objection of defense counsel, the trial court granted the State permission to nolle prosequi the indictment against Jackson. The State subsequently obtained a new indictment against Jackson that charged him with committing burglary in a manner consistent with the evidence presented in the earlier trial. Jackson filed a plea in bar and plea of former jeopardy,[1] which the trial court granted.

The State asserts that the prohibition against double jeopardy should not bar the second indictment.

> [U]ntil adoption of the 1968 Georgia Criminal Code[,] questions of double jeopardy were determined under the criteria contained in the United States and Georgia Constitutions. However, those provisions are now "minimum standards" as the 1968 Georgia Criminal Code has expanded the proscription of double jeopardy beyond that provided in the United States and Georgia Constitutions. Therefore, questions of double jeopardy in Georgia must now be determined under the expanded statutory proscriptions.

---

[1] Jackson asserted a double jeopardy claim based upon the Constitutions of the United States and Georgia, as well as OCGA §§ 16-1-7 and 16-1-8.

(Citations and punctuation omitted.) *Brock v. State*, 146 Ga. App. 78, 79 (245 SE2d 442) (1978).

1. OCGA § 16-1-8 (a) provides that "[a] prosecution is barred if the accused was formerly prosecuted *for the same crime based upon the same material facts*, if such former prosecution" resulted in a conviction or acquittal or was terminated improperly within the meaning of the statute. (Emphasis supplied.) In this case, Jackson's trial terminated improperly because a court may not enter a nolle prosequi without the defendant's approval after jeopardy has attached. *State v. Aycock*, 283 Ga. App. 876, 877-878 (643 SE2d 249) (2007). Georgia courts equate this type of improper termination with "an acquittal on a plea of former jeopardy." (Citation, punctuation and footnote omitted.) Id.

Our analysis does not end here, however, because the second indictment is barred only if Jackson "was formerly prosecuted for the same crime *based upon the same material facts*." (Emphasis supplied.) OCGA § 16-1-8 (a). In this case, although the first indictment alleged different facts, the same facts alleged in the second indictment were introduced during Jackson's first trial. And the State's goal from the outset of the first prosecution was to obtain a conviction for burglary "based upon the same material facts" alleged in the second indictment. The State should not benefit from its error in charging Jackson in the first indictment with a crime he did not commit. The underlying policy of the Double Jeopardy Clause of the United States Constitution

> is that the [s]tate with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

(Citation and punctuation omitted.) *Spraggins v. State*, 255 Ga. 195, 199 (1) (336 SE2d 227) (1985). Based on this underlying policy, as well as OCGA § 16-1-8 (a) (1), we find that the State cannot proceed with its second indictment against Jackson. *Gentry v. State*, 206 Ga. App. 490, 491 (1) (426 SE2d 52) (1992) (double jeopardy barred second

indictment after conviction on first indictment reversed due to material variance between first indictment and facts proved at first trial).[2]

2. Based on our holding in Division 1, the State's remaining enumerations of error are moot.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED MARCH 12, 2008.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellant.
*Leisa G. Terry*, for appellee.

---

[2] We note that we do not rely on that portion of *Gentry*, supra, applying OCGA § 16-1-8 (b) (1). We rely instead on the application of OCGA § 16-1-8 (a) (1) to the facts at issue in *Gentry*. We therefore do not need to resolve any conflict between the analysis in *Gentry*, supra, and subsequent Georgia Supreme Court authority applying an "actual knowledge" standard to OCGA § 16-1-8 (b) (1). See *Baker v. State*, 257 Ga. 567, 568 (361 SE2d 808) (1987); *McCannon v. State*, 252 Ga. 515, 517 (315 SE2d 413) (1984).