## A08A0148. MOON v. THE STATE.
### (662 SE2d 283)

MILLER, Judge.

Following a jury trial, Rufus Moon, Jr., was convicted of voluntary manslaughter, aggravated assault, obstructing an emergency telephone call, and two counts of battery. OCGA §§ 16-5-2; 16-5-21; 16-10-24.3; 16-5-23.1, respectively. Moon appeals, claiming (i) that the trial court erred in refusing to charge the jury on the lesser included offense of involuntary manslaughter and (ii) that he received ineffective assistance of counsel. We discern no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State,* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). So viewed, the record shows that on the morning of September 29, 1999, David Harper was visiting the home of his co-worker, Brenda Williams, when Moon knocked on the door. Moon pushed past Williams and asked Harper if he knew that Williams was his girlfriend. After Harper stated that he wanted to leave, Moon pulled a .22 caliber revolver out of his pocket and repeatedly struck Harper on the head with it. Moon's gun went off, and Harper began crying out for Moon to let him leave. Moon then fired a second shot, causing Harper to fall back.

When Williams attempted to call 911 to report that Harper had been shot, Moon grabbed the telephone from her and hit her on the head with it. After Harper was able to get to his car, Moon pursued him and repeatedly pushed the car door on his leg, which was hanging out of the car. Moon then grabbed Williams and hit her in the face. Harper, who had been shot in the head, died three days later.

1. Moon claims that the trial court erred in refusing to charge the jury as to the lesser included offense of involuntary manslaughter. We disagree.

At trial, Moon presented alternative defense theories of self-defense and accident, and the trial court charged the jury as to both of those defenses. The trial court refused to charge the jury as to involuntary manslaughter, finding that such a charge was not adjusted to the facts of the case.

OCGA § 16-5-3 (a) provides that "[a] person commits the offense of involuntary manslaughter . . . when he causes the death of another

human being without any intention to do so by the commission of an unlawful act other than a felony." As a result, to be entitled to a jury charge of involuntary manslaughter, the evidence must support the conclusion that the killing was the unintentional result of an act that, although unlawful, was not a felony. *Oliver v. State*, 274 Ga. 539, 541 (4) (554 SE2d 474) (2001).

In *Gore v. State*, 272 Ga. App. 156, 157 (5) (611 SE2d 764) (2005), we were presented with a similar case in which the victim was shot as he was being struck with a gun, and the defendant presented alternative defenses of accident and self-defense. In *Gore*, as here, the only "unlawful act" supported by the evidence was the striking of the victim with a gun, which constitutes the felony of aggravated assault. Id.; OCGA § 16-5-21 (a) (2). As a result, we held that the defendant in *Gore* was not entitled to an involuntary manslaughter charge. Id.

A trial court does not err in refusing to provide a jury instruction that is "confusing, inappropriate, or not authorized by the evidence. . . ." (Citation omitted.) *Buckalew v. State*, 249 Ga. App. 134, 138 (5) (547 SE2d 355) (2001). Because the evidence did not show that Harper was shot as a result of any "unlawful act" other than the felonious assault committed by Moon, the trial court did not err by refusing to charge the jury as to involuntary manslaughter.

2. Moon also claims that he was denied effective assistance of counsel based on his trial counsel's waiver of his previous request for a jury charge as to involuntary manslaughter, "if he did so waive the request." Given our holding in Division 1, supra, that the trial court properly denied such a requested charge, such claim is without merit.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 13, 2008.

*Donna A. Seagraves*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.