A10A1220. HESTER v. THE STATE.
(696 SE2d 427)

ELLINGTON, Judge.

A Gwinnett County jury found Brittany Morgan Hester guilty of aggravated assault, OCGA § 16-5-21 (a) (2); carrying a concealed weapon, OCGA § 16-11-126; and four counts of armed robbery, OCGA § 16-8-41. Hester appeals from the denial of her motion for new trial. She contends that the State's evidence was insufficient to support two of her convictions, that her trial counsel was ineffective, and that the trial court erred in admitting certain evidence and in refusing to give a requested jury charge. Finding no error, we affirm.

When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v.*

*State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following facts.

On June 28, 2006, an off-duty Gwinnett County detective saw a car parked at a gas station that matched the description of a car that had been used the night before in armed robberies at two different locations. The people in the car also matched the descriptions of the perpetrators. The detective and other officers approached the driver of the car, Hester, informed her of their concerns, and asked her if she had any weapons in the car. When Hester failed to respond, the detective asked her to step out of the car, patted her down for weapons, and found a loaded .25 caliber handgun in her pocket. The detective arrested Hester for possession of the handgun. After being advised of her rights, Hester admitted her involvement in the armed robberies, and her recorded statement was played for the jury.

One of Hester's fellow robbers, Heron Tavera, testified against her at trial. He described how Hester, a member of the "Bloods" gang, intimidated him into committing the first of the night's armed robberies by pointing a gun at him. Tavera and two others rode with Hester that night and participated in the robberies. Tavera described how Hester drove to the parking lot of a sports bar and pulled up next to a car occupied by two men. Hester gave Tavera a red bandana to wear over his face. Tavera got out the car and, holding a gun that Hester had given him, demanded money from the men. Hester collected their money. The victims of this crime each testified at trial, corroborating Tavera's account. One of the victims, Joseph Kuhn,[1] testified that a man wearing a bandana over his face pointed the gun at him while a similarly masked woman took his wallet and a package of chewing gum.

After committing these robberies, Hester drove to the parking lot of a bowling alley and stopped next to a man and two women who were standing in the lot. Hester told Tavera "to go and get them." All four robbers got out of the car wearing their red bandanas. Tavera held the gun on the victims while Hester took their money. The victims of these crimes testified at trial, corroborating Tavera's account. The State tendered into evidence the red bandanas found in Hester's car and Hester's .25 caliber pistol.

1. Hester contends the State's evidence does not support her conviction on Count 2 of the indictment, the armed robbery of the

---

[1] In the trial transcript, this witness is identified as "Joseph Kuhn." In the indictment, his last name is spelled "Coon." As there is no evidence conclusively establishing the correct spelling of his last name, we have chosen to identify him in our statement of facts as "Kuhn" since that is how his testimony may be located in the transcript. As explained in Division 1, infra, the correct spelling is irrelevant to the resolution of the merits of this case as "Kuhn" and "Coon" are the same person.

victim identified therein as "Joseph Robert Coon," and Count 4 of the indictment, the aggravated assault of Christopher Mack.

Specifically, with respect to Count 2 of the indictment, Hester contends that because the testifying victim, named in the trial transcript as "Joseph Kuhn," was not listed in the indictment, his testimony cannot be considered as evidence. She also argues that the failure to list "Joseph Kuhn" as a witness constitutes a fatal defect in the indictment, and that her conviction for the armed robbery of "Joseph Coon," therefore, is void. The record does not conclusively establish whether "Coon" or "Kuhn" is the correct spelling of the armed robbery victim's last name. That the two are the same person, however, is patent from his testimony. Hester's cross-examination of the victim reveals that she was aware of this person's identity as one of the robbery victims and that she was prepared to cross-examine him on his prior statements. Hester filed no demurrer or motion in arrest of judgment contending that the indictment was void, nor did she interpose any objection to the victim testifying. Thus, whether the misnomer constituted a defect in the indictment was not preserved for appellate review. *Parks v. State*, 246 Ga. App. 888, 889 (1) (543 SE2d 39) (2000). Moreover, even if the alleged error had been preserved, the misnomer of the victim in the indictment is not a fatal error. "A variance between the victim's name as alleged in the indictment and as proven at trial is not fatal if the two names in fact refer to the same individual, such as where a mere misnomer is involved." (Citation and punctuation omitted.) Id. Thus, because there is no basis for contending that "Joseph Kuhn's" testimony could not be considered as evidence in support of Count 2, the armed robbery of "Joseph Coon," this argument is without merit.

With respect to Count 4 of the indictment, the aggravated assault of Christopher Mack, Hester contends that the testimony of "Joseph Coon" was insufficient to authorize the jury to find that the victim was placed in apprehension of receiving an immediate bodily injury. However, the record reveals that Mack, the actual victim of the aggravated assault, testified that one of the robbers pointed a gun at him. Because Hester's claim of error is not supported by the record, it is without merit.

2. Hester contends her trial counsel was ineffective in two respects: (a) for failing to preserve a sample of her blood for later testing to determine "whether her mind was impaired during the interrogation session" and (b) for failing to request a hearing on Hester's motion to suppress her custodial statement.

The two-prong test for determining the validity of a claim of ineffectiveness of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984),

asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.

(Citation and punctuation omitted.) *Jones v. State*, 289 Ga. App. 219, 222 (2) (656 SE2d 556) (2008). If the defendant cannot satisfy either of the two prongs of the *Strickland* test, her ineffective assistance claim fails. See *Freeman v. State*, 282 Ga. App. 185, 187 (2) (638 SE2d 358) (2006).

(a) Hester does not cite to anything in the record which shows that the State obtained a blood sample from her. At the motion for new trial hearing, counsel testified that he investigated whether such a blood sample existed, but found no evidence of it. One cannot fault counsel for failing to secure and to maintain a blood sample for testing if the sample did not exist. Hester has not carried her burden of showing that counsel was deficient in this regard. Thus, because Hester failed to satisfy the deficiency prong of the *Strickland* test, her ineffective assistance claim fails. See *Freeman v. State*, 282 Ga. App. at 187 (2).

(b) Contrary to Hester's assertion, the record reveals that counsel participated in a hearing to determine the admissibility of her custodial statement. Thus, Hester has not carried her burden of showing that counsel was deficient for failing to request a hearing on the motion to suppress the statement. Again, because Hester failed to satisfy the deficiency prong of the *Strickland* test, her ineffective assistance claim fails. See *Freeman v. State*, 282 Ga. App. at 187 (2).

3. Although Hester contends the trial court erred in admitting her custodial statement, she does not articulate a legal basis for suppressing the statement. In fact, she does not make any legal argument, nor does she cite to any legal authority, in support of her claim of error. We therefore deem the issue abandoned on appeal. See Court of Appeals Rule 25 (c) (2); *Gore v. State*, 272 Ga. App. 156 (2) (611 SE2d 764) (2005); *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000) ("Rhetoric is not a substitute for cogent legal analysis, which is, at a minimum, a discussion of the appropriate law as applied to the relevant facts.").

4. Hester contends the trial court erred in refusing to give her request to charge on robbery by intimidation. As we have held, however, when, as in this case, "there is no evidence that the robbery was committed without the use of a gun, the defendant is not entitled to a jury charge on the lesser included offense of robbery by intimidation." (Footnote omitted.) *Hillman v. State*, 296 Ga. App. 310, 316 (6) (674 SE2d 370) (2009). We find no error.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED JUNE 16, 2010.

*William H. Sheppard*, for appellant.
*Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.